[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 248 
The evidence establishes the fact that all of the judgments mentioned, or so much as remained at that time unpaid upon them, have been fully paid, and the greater part thereof in the winter and spring of 1836, of which the testator paid, on three of the judgments, in the aggregate, the sum of $503.26, and took an assignment of them to himself, to wit, on the 4th of April, 1836, he paid $198.13, and on the fourteenth of April in the same year $305.13; that Abraham Lintner paid on said judgments $568.44, and John Lintner paid $1293.25; that the several defendants in said judgments, who were the real debtors, paid of the whole amount of said judgments, $1876.57, and as to the balance of the whole sum due and paid, being $741, the evidence does not show who paid it. But there is no presumption that the testator paid it.
By the agreement made between the testator, Nellis, and the two Lintners, and the conveyance by Nellis and wife to the testator of the real estate which he owned situate at Fort Plain, the relation of trustee and cestuis que trust was created between the testator and the Lintners. The premises were conveyed to the testator by Nellis and wife, for the express purpose of being converted into money by sale subject to said mortgages by the former; and so much of the proceeds thereof as should remain after applying such sum as the testator should have advanced of the $2500 with interest, the judgments being paid, to reimburse the two Lintners such sums as they should have jointly or severally paid of said judgments, with interest. The testator accepted the trust by accepting the conveyance, and taking the confession of the judgment, and entering into the agreement. He was therefore bound to execute it with fidelity and reasonable diligence, and he could only be discharged by administering the trust himself or putting the administration in the hands of the court of chancery. (2 Spence's Eq. Jur., 918, 920.) The reconveyance of the premises to Nellis by the testator in March, 1836, without any effort on his part to execute *Page 250 
the trust, for the consideration of one dollar, was a palpable violation of his duty as such trustee. He could not divest himself of the character of trustee, till he had performed the trust, without communication to his cestuis que trust, not being authorized so to do by his appointment, although he may have been thus advised by his counsel.
It is said, however, that the reconveyance was made with the knowledge and assent of the Lintners, but of that there is no evidence. The witness, Wagner, does not prove it. He testified expressly, that he did not know that they knew it, and his testifying that he had no doubt but that they knew it, although objected to by the complainant, is no evidence of the fact. It appears that Nellis continued in the possession of the premises, or in the receipt of the rents and profits thereof, until March, 1840, when Robert Crouse, in consideration of the release by Nellis and the testator, of their right, title and interest in said premises to him, executed to one or both of them his promissory notes for the payment of $3000, one-half of which Nellis took, and the other half the testator received to his own use. Crouse was abundantly responsible, and the notes have since been paid or might have been collected.
The case shows that Abraham Lintner, on the 30th of March, 1840, came to a settlement with Nellis in respect to the $568.44, which he had paid pursuant to the arrangement of the eighth of February, and released to him all his claims in consequence thereof. John Lintner having performed the agreement on his part, and having paid upon the judgments mentioned $1293.25, and the testator having received $1500 of the proceeds of the sale of the premises, and not having paid out beyond the sum of $503.26, was in justice and equity liable to pay over to John Lintner at least the surplus remaining in his hands, with interest. This claim of John Lintner against the testator belongs to the complainant. He became the purchaser of it at a sale made *Page 251 
by the receiver in the suit in chancery brought by Lighthall against him.
I do not think that Nellis was a necessary party to this suit, and if he was that objection is not taken by the answer. Whether he was a competent witness or not it is not necessary to decide, for the complainant's claim is well sustained, laying his evidence entirely out of the case. I therefore think that the decrees of the courts below were erroneous, and should be reversed, and a decree made in favor of the complainant that he recover against the defendants, as executors of the testator, the sum of $1500 with interest from the 30th of March, 1840, deducting therefrom the sums of $198.13 with interest from the 4th of April, 1836, and $305.13 with interest from the 14th of April, 1846, with costs in the court below.
A majority of the judges concurred in the above opinion.