The Merchants' Bank vs. Chandler, impleaded &c.

--------

The Merchants' Bank vs. Chandler, impleaded with the Bank of Fond du Lac and others.

A judgment creditor of a bank (whether he has or has not docketed his judgment, and issued execution against the real estate of the bank) may maintain an action (under ch. 148, R. S.) in behalf of himself and all other creditors who may choose to become parties thereto, against the bank jointly with the stockholders, to reach and appropriate its assets, and enforce the liability of the stockholders.

This court is inclined to the opinion that the judgment against the bank in such a case is *prima facie* evidence of its indebtedness in an action against the stockholders, and that it can be questioned only on the ground of fraud or mistake, the stockholders not being mere sureties for the bank, but primarily and jointly liable with it.

APPEAL from the Circuit Court for *Fond du Lac* County. This action was brought by the plaintiff in behalf of himself and such other creditors of the *Bank of Fond du Lac* as

might elect to become parties thereto, against said bank and certain persons named as stockholders thereof. The complaint, after the usual allegations as to the corporate existence and banking powers of said bank, alleges that in March, 1860, and at the time the liability hereinafter mentioned accrued, the stock of the bank was owned by certain persons, of whom a list is given, with the number of shares held by each. Similar allegations are made as to the persons by whom said stock was held on the 1st of July, 1860, and until the 1st of January following ; as to the persons by whom it was held January 1st, 1861, and until July 1st, 1861 ; and as to the persons by whom it was held from the date last named to the commencement of the action. It appears from a comparison of these lists, that between the 1st of March and the 1st of July, 1860, one hundred and seventy-five shares of the stock were transferred from individuals to the bank itself. *All* the persons whose names appear in these lists are made defendants. The complaint then alleges that on the 12th of February, 1863, the plaintiff recovered a judgment in said circuit court against said bank, *A. G. Butler* and others (subsequent incumbrancers) in an action for the foreclosure of a mortgage given August 22d, 1860, by said bank to the plaintiff, to secure the amount due on two drafts for $3000 each, at three months, one made and dated March 23d, 1860, and the other April 27th, 1860, both drawn by said bank on the American Exchange Bank, of New York, and indorsed to the plaintiff on the days of their dates respectively, by said *Butler*, who was then president of said bank ; which drafts were duly presented for payment at maturity, but were not paid, and were therefore protested, and have never since been paid ; that said judgment was for $7,830.50 damages, besides costs, with a provision for a personal judgment for any deficiency against said bank and said *Butler*. The complaint then alleges a sale of the mortgaged premises under the judgment, a deficiency of $3,680.56 duly reported by the sheriff ; execution issued

against the property of said bank and said *Butler* to make that amount; a return of the execution wholly unsatisfied, &c.; that the whole amount of said deficiency is still legally and equitably due the plaintiff from said defendants; that on the 12th of November, 1861, said bank having forfeited its corporate franchises, its securities were sold by the bank comptroller at public auction as required by law, and it has ever since been insolvent; that the proceeds of the securities were only sufficient to pay 68¾ cents on the dollar of the bills of said bank, and the bank is indebted to the holders of the bills for the amount left unpaid, and to divers other persons unknown to the plaintiff. Prayer, that an account be taken of the property of the bank, and the debts due to and from it, and if it appear that it has any property or effects, that a receiver be appointed, &c.; and also that said stockholders be charged personally with the payment of the debts of said bank to the extent of the stock held by them respectively at the time said debts respectively accrued, or at any time thereafter; and that the respective liabilities of said stockholders be ascertained, and judgment rendered against them therefor; and for general relief.

The defendant *Chandler* demurred to the complaint on the grounds that there was a defect of parties plaintiff, a defect of parties defendant, and no cause of action stated; and from an order overruling his demurrer, said defendant appealed.

*M. A. Edmonds*, for appellant.

*H. W. & D. K. Tenney*, for respondent. [No briefs on file.]

*By the Court*, DIXON, C. J.   We held in the recent case of *Cleveland v. The Marine Bank of Milwaukee and others*, 17 Wis., 545, that the creditor of a bank might, without having obtained judgment at law against the bank, resort to the equitable remedy provided by chap. 148, R. S., and might maintain an action in behalf of himself and all other creditors who might choose to become parties thereto, against the bank joint-

ly with the stockholders, to reach and appropriate the assets of the bank and enforce the liability of the stockholders. If a creditor before judgment may maintain the action, it is diffi- cult to perceive why a creditor after judgment should be more restricted, or why his action should be dismissed because he has not docketed his judgment or issued execution against the real estate of the bank. There is nothing in the statute requiring either, and we think that the action is not in this respect analogous to the proceeding by creditor's bill.

As to the effect of the judgment against the bank, we in- cline to the opinion of the three judges in *Belmont v. Coleman*, 21 N. Y., 96, that it is *prima facie* evidence of the indebted- ness of the bank in an action against the stockholders. Such was clearly the opinion of the court in *Slee v. Bloom*, 20 Johns., 669, and *Moss v. Oakley*, 2 Hill, 265. It is not strictly *res ad- judicata* against the stockholders, but such strong evidence of the indebtedness that it can only be questioned on the ground of fraud or mistake. This we think more in harmony with our own decisions as to the nature and extent of the lia- bility of the stockholders, than the doctrine of the inter- mediate case of *Moss v. McCullough*, 5 Hill, 131, in which it was held that the judgment against the corpora- tion was no evidence at all against the stockholders. That case was decided on the ground that the stockholders were mere sureties or guarantors of the debts of the compa- ny. We have held, on the contrary, that the liability of the stockholders is primary and absolute, and attaches the mo- ment the debt is contracted by the bank—that it is a liability of all the stockholders to all the creditors, on the principle of copartnership, the stockholders standing on substantially the same footing as though they were partners or an unincorpo- rated association, save only that the responsibilty of each is limited to a sum equal to his share or shares of stock; and that subject to this limitation they are answerable as original and principal debtors, their liability more nearly resembling

that of copartners than any other with which it can be com-
pared. *Coleman v. White*, 14 Wis., 701. The stockholders,
then, being primarily and jointly liable with the bank, there is
much reason for holding that the judgment against the bank
is evidence of the amount to be recovered in a subsequent ac-
tion against them.

We do not see that there is any defect of parties defendant.
All the persons owning stock before the alleged transfer of
stock to the bank itself are made parties. If, as claimed by
the counsel for the appellant, the transfer of the stock from
the individual shareholders to the bank is fraudulent and void,
still there is no defect of parties. The original stockholders
are before the court, and if those who have not transferred wish ·
to attack the transfer of those who have, it is a matter of defense
to be taken by answer and not by demurrer for defect of
parties.

Order affirmed.