Moncrief, J. (dissenting.)
The agreement under which the services were rendered was made in December, 1855, and in duration has no limit; it was “ to go on ad infinitum for all that I know,” is the testimony of the plaintiff. The claim made by him in his bill of particulars is for services rendered $ $ from the 1st day of January, 1856, to the *323 1st day of November, 1860, * * at §500 per annum, as per agreement.
The ordinary and natural interpretation of such an arrangement could only extend to the last day of December, 1856: If, thereafter, the plaintiff continued to perform the same services for the company, and the law would imply the renewal of contracts for other years, they would severally expire on the 31st day of December, 1857 and 1858. What services, if any, were rendered by the plaintiff, or any other person, for the company, after this latter period, does not appear by the testimony. It does appear that the property of the company was sold under a foreclosure, about the 1st of January, 1858, or 1859 ; that the plaintiff became the purchaser, and accepted a deed of the whole property, and held such deed until the summer or fall of 1860, and left the property in October of the same year. The points of the learned counsel for the appellant assert (1.) “the action against the company was brought within one year after the debt became due. * * The debt was due * * in November, 1860, and suit was commenced in January, 1861.” In reference to the time when the action was commenced, it is proper to remark that I have not been able to find sufficient evidence ; the citation of the appellant, or of the respondent, does not verify either assertion as to the fact, the former possibly referring to a summons entitled (by a typographical error) in this court, dated November 9, 1860, and the latter "relying upon the date of the amended complaint. Section 24 (marg. 47) of the General Manufacturing Act, (2 R. S. 5th ed. p. 663,) enacts that “No stockholder shall be personally liable for the payment of any debt contracted by any company formed under this act, which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt became due. * * Assuming, therefore, that the arrangement was a continuing agreement for one year after January 1, 1856, it would cease when services under it were no longer performed, after the 31st day of December, 1858. What *324 ever debt the company could be said, therefore, to have contracted with the plaintiff became due on that day, or on the 1st day of January, 1859.
The judgment against the company is not evidence of the debt claimed against these defendants ; its office seems to be to exhaust all means belonging to the corporation as a condition precedent to an attack upon the stockholders.
In Belmont v. Coleman, (1 Bosw. 188,) an indebtedness was established aliunde from the judgment against the company ; the bill of exchange, drawn and accepted by its officers, “ raised a presumption that it was not only given for a sufficient consideration, but for legitimate purposes.”
Slee v. Bloom, (19 John. 456,) is authority only for the proposition that “ a judgment against the company, as well as an account stated between the creditor and its officers, was evidence of the debt.” It was expressly held in 20 John. 669; 684, 5, (S. C.) “ that if the judgment was founded on error,” it was competent to impeach it. Judge Hoffman, with whom, in Belmont v. Coleman, was Bosworth, late chief justice, who simply concurred in affirming the judgment, says (p. 200) the stockholders “ may question it (the judgment against the company) in any way showing illegality or error, when sued individually.” Upon the review of that case, in the Court of Appeals, (21 N. Y. Rep. 96,) it should be observed that the learned judge who wrote the opinion lays down the rule that the “ creditor of a company seeking to enforce his personal liability upon a stockholder is required to prove the existence of the debt, and that judgment has been obtained, and execution issued, and returned as the statute requires.” (P. 101.) The affirmance by all the judges was placed upon the grounds that there was.no error in the admission of evidence, or in the refusal of a nonsuit, and one half of the court expressly refused to commit themselves to the doctrine that a judgment against the corporation is even prima facie evidence against a stockholder.
As there is no evidence as to the performance of any services by the plaintiff for the company within one year next before *325 the commencement of his action against it, he failed to establish a debt against it for which the defendants could be held to respond, and his complaint was properly dismissed.
In my opinion the judgment should be affirmed.