McCunn, J.
This action is. brought by the plaintiff as the owner of a judgment recovered by Lindsley & Cottrell v. The European Company, to recover from the defendant an amount equal to the amount of capital stock held by him' in the company. The company was formed under the act of 1848, with a cash capital of $10,000, which has not been paid in, which makes him liable under the tenth section of the act.
The plaintiff asks to have struck out from the defendant’s answer, beginning at the word “ First,” in folio 1, and continuing to near the end of folio 9. • In this portion of his answer the defendant denies, to begin with, that he was a stockholder. He then admits that he was ; but says that when he became such, he was induced to do so by certain promises made on behalf of the company. He does not pretend that the company made any such promises as a corporation. It may be that he has a cause of action against the parties making the promises ; but these matters are wholly inter alios acta, and are certainly irrelevant to the issues in this suit. The plaintiff next asks; to strike out from, the'words “Paid in,” folio 10, to, “ secondly,” folio 11. The defendant admits the, making of the notes by the company, and the recovery of the judgment by Lindsley and Cottrell upon them. These allegations, of want of knowledge as to their delivery by Lahens; to Lindsley and Cottrell are immateriál, as well as his ignorance whether the company was indebted on them. He has ready means of obtaining this knowledge; being a member of the company, the fact is presumptively in his knowledge, (Shearman v. N. Y. Central Mills, 1 Abb. 187,) *633 while, further.on, at folio 24, the defendant expressly alleges the notes were given to Lindsley and Cottrell.
A pleading is frivolous where there is a decision in point adverse to its sufficiency. (15 How. 193. 4 Duer, 188. 10 Jurist, 642.) In this case there was a judgment recovered upon notes of the company in which the defendant was a stockholder, and it is conclusive on him. (Belmont v. Coleman, 21 N. Y. Rep. 100, 101.) The plaintiff next asks to strike out from the word “ secondly,” in folio 11, certain portions of the answer, together, ending with the word “ Cottrell,” in folio 22. This sets out a contract, with schedule and proof of execution at length, between Lindsley and Cottrell and one Lahens, and dated November 28, 1864, before the European Company was incorporated or existed,' and is clearly sham and irrelevant. This portion of the answer relates to matters that occurred before the European Company had any existence; and this,_with the allegation that follows shortly after, that it was' intended by Lahens for this company, does not constitute any defense, or any matter relative to the case.
The terms of the contract, as well as the date, showed it was a sale to Lahens on his own account. The allegation that it was transferred to them by Lahens after their incorporation, also shows it; therefore the allegation that it was intended by Lahens for that company, is a very frivolous proposition. Lahens might have changed his mind. Lindsley and Cottrell could not be bound by his intentions, nor does it better the matter if they claim that Lahens acted for the company, because no act is capable of ratifi-X cation by the principal which was not performed by the | agent, as agent, and in behalf of the principal. (1 Pars on Cont. 287; also 443, n.)
That portion from folio 23 to the words “that all,” in folio 27, is irrelevant and sham. If Lahens was defrauded by misrepresentations on the 28th of November, he hada *634 cause of action against Lindsley and Cottrell on the 29th, which was personal to himself,- and did not pass by his subsequent assignment of the contract. (1 Pars, on Contracts, 200.)
Kent says, covenants not running with the land are personal covenants, and do not pass to the assignee; for if not true there is a breach as soon as executed, and they become chosés in action, not technically assignable, (see Gillespie v. Torrance, 7 Abb. 469; La Farge v. Halsey,1 Bosw. 171,) nor can any part be assigned. The fourth defense as it.now. stands is a subterfuge-. If the defendant means that by the contract between Cottrell and Lindsley and Lahens, the defendants became stockholders in the company that bought stock, it is absurd and no defense. They agreed to take the stock in payment for property, and by the act of 1853 they are not personally liable for the debts of the company,' under section 10 of the act of 1848, under which the defendant is liable.' (Sess. Laws of 1853.) For the same reason the third defense should be made more definite, so as to show what the defendant means; as it now stands it is evasive. The fifth defense is also irrelevant; if the judgment has not been paid in full, it is no defense to the plaintiff’s right to recover against the defendant.
The motion, in all respects, should be granted.