## Edmund B. Tyler v. Marcus Peatt and another.

*Creditors: Equitable interests: Remedy at law.* Creditors are not entitled to seek relief out of equitable interests so long as they can get it by adequate legal process; they must exhaust their remedy at law before they can resort to equity, except in cases of an actual lien or security of a nature to give them a right to file a bill to enforce it.

*Equitable interests: Judgment creditors.* None but judgment creditors who have exhausted their legal remedy are entitled to file a bill to reach equitable interests in property upon which they have no lien.

*Personal judgment: Service of process: Appearance.* A personal judgment or decree against one who has never been served with process or appeared in the cause is a mere nullity and cannot be made the basis of any equitable remedy.

*Equity jurisprudence: Judgment creditors: Fraudulent transfers.* Such an infirmity in the judgment is available as a defense to others than the judgment debtor alone; his creditors can gain no rights against third parties by his default or stipulation; and none but judgment creditors can call upon one to whom their debtor has conveyed, even though for the express purpose of defrauding them, to respond to their bill in equity.

*Heard July 9. Decided July 21.*

Appeal in Chancery from Washtenaw Circuit.

*E. D. Kinne,* for complainant.

*A. J. Sawyer,* for defendant Mary A. Peatt.

CAMPBELL, J.

The defendant Mary Ann Peatt appeals from a decree whereby certain lands conveyed to her in 1864 by deed from George Boyden, properly executed and immediately recorded, were declared to be held by her in fraud of com-

plainant as one of Marcus Peatt, her husband's, creditors, and decreed to be subject to sale for his claim.

The ground on which this decree was sought was that, although there were no dealings between Marcus Peatt and complainant until about a year thereafter, and then no indebtedness except the contingent and possible liability of a partner to his co-partner in the result of disaster to the concern, yet the land was bought with the husband's money and conveyed to the wife for the purpose of defrauding future creditors.

As the wife very properly preferred, in the presentment of this case, to rest on the merits, and not on any questions of the form of remedy, it might lead to unjust suspicions if we made no reference to the facts. We do not feel called upon, for reasons which we shall presently give, to discuss the testimony at large. We need only say that we are satisfied the land was honestly conveyed to Mrs. Peatt to restore to her the value of her own property which her husband had been permitted to use in his business; and that, had the conveyance been made voluntarily and without that consideration, there is no reason to believe it was done with any design to defraud anybody. Marcus Peatt does not appear to have been in a position to tempt or urge him into fraud.

But, except for the purpose of preventing misapprehension, we should not have been disposed to refer to facts at all. Under our statute of uses and trusts, where property is paid for by one person, and by his consent or direction conveyed to another, no trust results, under any circumstances, in his favor. If the transaction was in fraud of creditors, the statute gives them a right to reach it; but this right is confined to them. He has no interest in it.— *2 C. L.*, §§ *4120, 4121.*

The controversy, when it arises, is between the creditors and the wife; and they can only call upon her to respond when they have put themselves in a legal position to set up a right to seek payment out of the land.

It is a familiar principle of our law, that no creditor is at liberty to seek relief out of equitable interests if he can get it by adequate legal process. He must exhaust his remedy at law before he can resort to equity, except in those cases where he has an actual lien or security of such a nature as to give him an original right to file a bill to enforce it. The statute gives no lien to creditors, separately or jointly, on property conveyed to third persons by their debtor or at his instance. They have, therefore, no right to implead third persons, if they can get redress from their debtor. The only way in which it can usually be ascertained whether such redress can be had is by resort to legal remedies. Until they have obtained judgment and issued execution and failed to reach property on it, and had it duly returned *nulla bona,* they are not in a position to resort to equity.

In *Maynard v. Hoskins, 9 Mich. R., 485,* it was decided that none but judgment creditors who had exhausted their legal remedy could file such a bill.

The bill in the present case is framed as a judgment creditor's bill. But it appears from the answer and proofs that the judgment or decree set forth was a personal judgment or decree, granted in a cause in which Marcus Peatt was never served with process, and never appeared. It was therefore a mere nullity, and no right could grow out of it.

This was admitted on the argument. But it was urged that no one could set up this defense but the judgment debtor. That position is not tenable. The creditors can gain no rights against third parties by his default or stipulation. Mrs. Peatt could hold against her husband, even if the conveyance had been given for the express purpose of defrauding his creditors. She could no more be deprived of the land by his failure to set up this defense in equity (in which, so far as this land is concerned, he has no interest whatever) than by his deed. She has a complete right against all persons but judgment creditors, and none but such creditors can call on her to respond to their bill.

The decree as to Mrs. Peatt must be reversed, and the bill dismissed as to her, with costs of both courts.

The other Justices concurred.