DAVID PRESTON ET AL. v. WILLIAM S. WILCOX, SAMUEL M. CARPENTER AND PORTER L. SWORD, IMPLEADED WITH HENRY A. ANGELL ET AL.

*Judgment creditor's bill—Removal of trustees.*

A judgment creditor's bill to enforce collection of the debt of a firm should show in what county was its place of business or the domicile or residence of the partners, and the time of the return of the execution; otherwise it does not appear that the legal remedy is exhausted.

A trustee requiring particular qualifications, chosen by the author of the trust and unequivocally accepted by the bulk of the benefi-

ciaries, will not be superseded unless on grounds of the clearest necessity, such as that by reason of his general unfitness his retention will be likely to disappoint the fundamental purposes of the trust.

A trustee's failure, through mistake, to discharge a duty, or his injudicious exercise of discretion or refusal to exercise a purely discretionary power for the advantage of the estate, will not warrant his removal.

The imprudence or neglect of a trustee are generally grounds for requiring him to make good the injury resulting from it rather than for superseding him.

A bill asking that a trustee be superseded for incompetency must clearly set forth the substantial facts that show him to be unfit.

Appeal from Wayne. Submitted January 30. Decided April 9.

BILL FOR DISCOVERY and accounting; for the appointment of a receiver to supersede trustees, and the execution of the trust by the court. Dismissed. Complainants appeal.

*Julian G. Dickinson* and *J. P. Whittemore* for complainants. A demurrer must be overruled if the bill contains any matter entitling complainants to equitable relief. *Hoffman v. Ross*, 25 Mich., 175; *Williams v. Hubbard*, Walk. Ch., 28; *Clark v. Davis*, Har. Ch., 227; a chancery suit is local within the meaning of Comp. L., § 5058, only where a decree is sought which shall directly operate on real estate, and not where it may so operate indirectly through compulsory performance of an individual duty. *Mitchell v. Bunch*, 2 Paige, 606; *Mead v. Merritt*, id., 402; *De Klyn v. Watkins*, 3 Sandf. Ch., 185; *Massie v. Watts*, 6 Cr., 148; *Penn v. Ld. Baltimore*, 2 Lead. Eq. Cas., pt. 2, p. 664, notes; *Earl of Kildare v. Eustace*, 1 Vern., 419; *Williams v. Ayrault*, 31 Barb., 368; *Morris v. Remington*, 1 Par. Eq. (Pa.) 387; *Austin's Heirs v. Bodley*, 4 T. B. Monr., 434; *cestuis que trustent* under an assignment are entitled to proceed against the assignees to compel the execution of an express trust. *Bryant v. Russell*, 23 Pick., 508;

*Jefferis's Appeal*, 33 Penn. St., 39; *Haselwood v. Pope*, 3 P. Wms., 222; 1 Mad. Ch. Pr., 351; judgment creditors' bills are on the same footing as creditors' bills for the administration of the estates of deceased debtors. *Brinkerhoff v. Brown*, 6 Johns. Ch., 157.

*Walker & Weaver* and *Griffin & Dickinson* for defendants. A bill to enforce the provisions of an assignment must show in what respect the assignee has been negligent, *Page v. Olcott*, 28 Vt., 465; Burrill on Assignments, 591; a bill for discovery should not be maintained in a county where only partial relief can be given, when a full remedy can be had elsewhere, *Voorhies v. Frisbie*, 25 Mich., 476; a judgment creditor's bill can not be sustained as to real estate if it does not aver that a levy has been made or lien obtained by complainants. *Griswold v. Fuller*, 33 Mich., 273.

GRAVES, J. This bill was dismissed on general demurrer and complainants appealed.

The bill is certainly anomalous. It partakes of forms adapted to several distinct heads of equity, and the chief question is whether it contains sufficient to import a case under any one, aside from any objection founded on incompatibility of complaints. In some of its aspects it resembles a judgment creditor's bill, but it is plain the premises are wanting for intervention under that head.

It states the recovery of judgment in January, 1877, by complainants in the circuit court for Lenawee county against those of the defendants alleged to have been co-partners under the name of the "Adrian Car and Manufacturing Company" on their indorsement made in October, 1872; that execution issued February 9th, 1877, to the sheriff of Lenawee county returnable May first, 1877; that it has been returned to the circuit court for Lenawee county unsatisfied and that the judgment has not been paid; that complainants are informed and believe that the members of the firm were insolvent

when the suit on the indorsement was commenced and unable to pay the firm debts and have so remained; that about March 18, 1874, the co-partnership by Henry A. Angell and Stephen H. Angell, two of the members, assigned all the firm property to the defendants Wilcox, Carpenter and Sword for the equal benefit of the creditors, and a copy of the assignment is set out.

The bill is wholly silent in regard to the seat or place of business of the firm and in regard to the domicil or the residence of any of the members at any time, and hence there is no information that the execution issued either to the county where the firm was seated or to a county of the residence of any member; neither is there any statement or information as to the time of the return of the execution. It is hence apparent without going further that the requisites of a suit to reach interests not leviable are wholly wanting. The necessary data to make out that the legal remedy has been spent are wanting. *Smith v. Thompson*, Walk. Ch., 1; *Tyler v. Peatt*, 30 Mich., 63; *Ocean Nat'l Bk. v. Olcott*, 46 N. Y., 12; *Fox v. Moyer*, 54 N. Y., 125; *Jones v. Green*, 1 Wall., 330.

Of course there is no approach to a case to remove obstacles in the way of execution. There has been no levy nor any attempt to make one.

The bill represents that considerable real property situated in Adrian and belonging to the estate transferred by the assignment has been levied upon by several creditors and that some has been sold under levy, and one of the prayers for relief asks that these sales be set aside; but counsel expressly abandon this position in argument as wholly untenable upon the facts pleaded.

The assignment is not impugned. The main part of the bill implies an affirmance of it. Enforcement and not revocation is contemplated.

Complaint is made against the trustees and the court is asked to take the trusts out of their hands and exe-

cute them through an officer of its own. It is needful to notice the facts bearing on the claim for this relief. The property is admitted to be large and the mode given for dealing with it requires superior business judgment and peculiar qualifications. The assignment required the trustees to continue the firm business, and it made provision for express accession to it by creditors representing claims to the amount of $100,000, by signing it, and it included special terms applicable to those who should so accede and embraced particular provisions concerning the rights of such creditors and the powers and duties of the trustees in relation to them. Complainants did not make themselves parties to these stipulations, but the bill states that a body of creditors representing more than $100,000 of claims did so, whereby the regulations involving particular rights and duties as between the trustees and the subscribing creditors became operative.

The rule may be laid down as uniform that the court will not supersede a trustee whose duties contemplate the exercise of special qualifications and whose appointment originated in the choice of the author of the trust and is unequivocally acquiesced in by the bulk of the beneficiaries, except upon the clearest ground of necessity.

In most cases the reasons have reference to general fitness where the facts show that retention of the trustee will disappoint or be likely to disappoint the fundamental purposes of the trust. The end necessitates a change of the instrumental means. The court will not be inclined to disturb the appointment made by the author of the trust on account of such missteps and misjudgments as would not imply general unfitness and might have been looked for as incidents very possible to happen in the course of the trust.

Mere failure in the discharge of duties on account of mistake or misunderstanding, or an exercise of reposed discretion in a way less eligible than it might have been

in the opinion of the court, or refusal to exercise a pure discretionary power for the advantage of the estate, is not sufficient to warrant removal. And even acts of imprudence or neglect when distinctly charged and fully proved are usually treated as reasons for making the trustee give recompense for the wrong or error rather than as ground for superseding him in his office.

When the statute undertakes to guide the court in its exercise of this jurisdiction it appears to assume that the unsuitableness of the person to execute the trust is the true ground for removal. Comp. L., § 4139.

In all such cases the substantial facts showing the person to be unsuitable, or constituting incompetency or incapacity, must be distinctly made known on the face of the bill to give opportunity to deny or admit them, and vague general charges and equivocal or inconsequential statements touching unfitness are of no force. A contrary rule would open a door to fishing cases and all manner of impudent and impolitic intermeddling.

As stated previously, this case is not against the assignment, but in affirmance of it, and notwithstanding the assignment did not contemplate a winding up of the business, but a continuance of it, the bill sets up on information and belief that the effects have always "been available for being sold and properly disposed of for cash if there had been any *proper* effort to that end," and that "no *reasonable* effort and notice had been given to the end that the money might be realized for the administration of said trust further than such funds have been used by the trustees for their own use in the custody of the property and effects of the trust estate;" that the trustees have *grossly* neglected their duties and obligations as trustees, in suffering the before-mentioned levies to be made and sales thereunder without taking any "*legitimate*" steps to prevent and in not applying the property to the debts of the creditors "aforesaid."

The foregoing comprises everything material which is set up to make out a case to warrant a decree super-

seding the trustees, and there is not a single specific fact to found the jurisdiction. Apart from some general expressions which by themselves are of no force in the connection in which they are used, there is really nothing to negative the observance by the trustees of every duty imposed on them in the most punctilious manner. It is unnecessary to stop and notice the respective phrases used.

There is no prayer for general relief. Complainants ask that the assignment may be carried out for their benefit; that the levies and sales mentioned be set aside; that the estate be sold under the direction of the court and the proceeds so far as sufficient be applied to the payment of complainant's judgment; that certain parties named be restrained from interfering with the estate, and that the court appoint a receiver, etc. Some separate matters in the bill which do not appear to have any true connection with either of the main portions have not been noticed.

Complainant's counsel does not appear to regard them as falling in with any theory of the bill, and he has very properly ignored them in giving his view of the case. We notice a large number of special interrogatories are propounded which are not warranted by any matters previously set forth.

Finally, we are unable to discover any ground for rescuing the bill from the result reached by the court below, and the decree must be affirmed with costs.

The other Justices concurred.