TIMOTHY AUSTIN, APPELLANT, V. SABILLA F. AUSTIN, APPELLEE.

1. **Husband and Wife:** CONVEYANCE: TRUST. Where an aged husband conveys certain property to his wife for the support of himself and family, and the trust was deliberately created, and is clearly established, it will not be set aside because of the disagreement and separation of the parties.

2. ———: ———: APPOINTMENT OF TRUSTEE. Where a hus-

band conveys property to his wife for the support of himself and family, upon the disagreement and separation of the parties the court may, when it is deemed advisable to the due administration of the trust, appoint a new trustee.

APPEAL from the district court for Lancaster county. Heard below before POUND, J.

*Harwood, Ames & Kelly*, for appellant.

*Lamb, Ricketts & Wilson*, for appellee.

MAXWELL, J.

The plaintiff brought this action in the district court of Lancaster county to recover certain real estate conveyed to the defendant, and for an accounting. On the trial of the cause the court found for the defendant and dismissed the action. The plaintiff appeals.

It appears from the record that the plaintiff and defendant were married in October, 1878, and thereafter cohabited together as husband and wife until March, 1883. That at the time of the marriage the plaintiff was about sixty-three years of age, and had several children by a former marriage, some of whom lived at Bennett, where the plaintiff and defendant resided. That at that time the plaintiff was possessed of a considerable amount of property, including B. & M. land contracts for land near the village of Bennett. The defendant, at the time of the marriage, was about four years younger than her husband, and had a number of children by a former marriage, some of whom resided at or near Bennett, and the youngest, a daughter, until the separation, resided with the plaintiff and defendant. The defendant was also possessed of considerable property, estimated by herself at $6,000. It is pretty evident from the evidence that prior to his marriage with the defendant the plaintiff had given to each of his children a considerable amount of property. That

soon after the marriage one of the children obtained from him an assignment of the B. & M. land contracts, and perhaps of other things of value. That about that time, as the defendant alleges, and apparently with cause, the plaintiff placed all his remaining property in her hands to prevent his children from getting it. At the time of the transfer the defendant made a will, in which it was provided, in case of her death, the plaintiff should have a suitable maintenance out of her estate during his life-time. This will does not seem to have been satisfactory to some of the children, and was afterwards destroyed. A second will was made, to which it is unnecessary to refer. Some time during the month of March, 1883, the plaintiff ceased to live with the defendant, and assigns a number of reasons for his conduct which need not be here referred to. Probably but for the interference of his children the alleged causes for disturbance, if they really existed, would have been overcome. Be that as it may, the parties separated, and this action was brought to recover the property conveyed by the plaintiff to the defendant for his support. The defendant frankly admits in the answer that certain property named therein was transferred to her for the use and support of her husband and family. It would subserve no good purpose to review the evidence at length. Both the plaintiff and defendant, evidently, are worthy persons, and had they resided at a place remote from their children in all probability no differences would have arisen between them. The property was deliberately conveyed and transferred by the plaintiff to the defendant for the use of himself and wife. A considerable portion of the real estate has been conveyed to innocent third parties, who should be protected in their purchases. The trust is clearly established, and having been deliberately created by the plaintiff we see no sufficient reason for setting it aside.

A court of equity, however, when necessary to fully carry

out the trust, when the trustee has become incapable from any cause from performing the trust duties, will remove a trustee and appoint another. This power rests in the sound discretion of the court, to be exercised in such manner as to promote the due administration of the trust. *People v. Norton,* 9 N. Y., 176. *In re Cohn,* 78 Id., 248. *Preston v. Wilcox,* 38 Mich., 578. *In re Bernstein,* 3 Redf., 20. *North Car. R. R. v. Wilson,* 81 N. C., 223, *McPherson v. Cox,* 6 Otto, 404. *Satterfield v. John,* 53 Ala. 127. *Farmers Loan, etc., Co. v. Hughes,* 18 N. Y. Sup. Ct., 130. *Bloomer's Appeal,* 83 Pa. St., 45. *Sparhawk v. Sparhawk,* 114 Mass., 366. *Ketchum v. Mobile, etc., R. R.,* 2 Woods, 532. *Scott v. Rand,* 118 Mass, 215. *In re Adams' Trust,* L. R., 12 Ch. D., 634. *Ex parte Hopkins,* Id., 9 Ch., 506. *Wilkinson v. Parry,* 4 Russ., 272, 276. *Coventry v. Coventry,* 1 Keen, 758. *Greenwood v. Wakeford,* 1 Beav., 576, 581. *Forshaw v. Higginson,* 20 Id., 485. *In re Stokes' Trusts,* L. R., 13 Eq., 333. *Chalmer v. Bradley,* 1 J. & W., 51, 68. *Cruger v. Halliday,* 11 Paige, 314. *Shepherd v. McEvers,* 4 Johns. Ch., 136. *Diefendorf v. Spraker,* 10 N. Y., 246. *Forster v. Davies,* 4 De G., F. & J., 133. *In re Blanchard,* 3 Id., 131. *Paliairet v. Carew,* 32 Beav., 564, 567. *Crombes v. Brookes,* L. R., 12 Eq., 61. *In re Roche,* 2 Dr. & War., 287. *In re Watt's Settlem.,* 9 Hare, 106. *Mennard v. Welford,* 1 Sm. & Gif., 426. *In re Bignold's Trusts,* L. R., 7 Ch., 223. *Withington v. Withington,* 16 Sim., 104. Pomeroy Eq., § 1086. The parties have leave to agree, upon a suitable trustee. Failing to do so the court will appoint. The trustee thus appointed will give security to be approved by the clerk of this court in the sum of $4,394, and within ninety days from the entry of the decree the defendant is required to pay to said trustee the sum of $2,172, which she admits having received, which sum, subject to the defendant's rights therein, will be expended as may be necessary for the support of the plaintiff, and if

need be the defendant.    The judgment of the district court is reversed, and judgment will be entered in this court in conformity to this opinion.

, JUDGMENT ACCORDINGLY.

THE other judges concur.

---

### SAME V. SAME.

Husband and Wife: CONVEYANCE TO WIFE. Where a husband in advanced years conveys property to his wife for the purpose of having it held in trust for him, and the wife, contrary to the intention of the husband, and in violation of the trust, conveys it to third parties, and with the proceeds thereof or with the money or property of the husband purchases other property and receives the title in her own name, upon their separation equity may require an accounting, and make such decree as to the property owned at the time of the decree as will protect the interests of both the husband and wife.

REHEARING of foregoing case.

*Harwood, Ames & Kelly,* for appellant.

*Lamb, Ricketts & Wilson,* for appellee.