THE OLD NATIONAL BANK ET AL. v. HARVEY JOSLIN.

{ 81  413|
101  503|

*Assignment for benefit of creditors—Removal of assignee—Statute of 1889.*

1. Section 1 of Act No. 215, Laws of 1889, in so far as it provides for the removal of the assignee of an insolvent debtor upon the petition of the majority in number and value of the unsecured creditors who have proved their claims, and the appointment of such person assignee as the petitioning creditors shall designate, is not *retroactive* in its operation.

2. The following general propositions are summarized from the opinion of Mr. Justice CAHILL:

*a*—In removing and substituting trustees, the courts do not act arbitrarily, but upon equitable principles, and after a full consideration of the case; and especially is this so where a trustee has been required to give security; citing, *Preston v. Wilcox*, 38 Mich. 578.

*b*—The creditors are not the only persons interested in an assignment. The assignor has a resulting interest, and, except for the statute of 1889, would have a right to be heard upon an application for the removal of the trustee whom he has put in charge of his estate.

Appeal from Kent. (Grove, J.) Argued May 7, 1890. Decided June 13, 1890.

Petition for removal of assignee under Act No. 215, Laws of 1889. Assignee appeals from order of removal. Order vacated. The facts are stated in the opinion.

*Montgomery & Bundy, Fletcher & Wanty, Stuart Knappen & Van Arman, Taggart & Denison,* and *Boltwood & Boltwood,* for petitioners.

*Eggleston & McBride* and *Harvey Joslin,* in *pro. per.,* for respondent.

CAHILL, J. This was a proceeding to remove an assignee.

Harvey Joslin, the respondent, was appointed assignee of Henry M. Goebel, an insolvent, by a deed of assignment dated August 31, 1888, under chapter 303, How. Stat., relating to voluntary assignments for the benefit of creditors. He accepted the trust, gave the bond required by the statute, and entered upon the discharge of his duties as such assignee.

This application is made under section 1 of Act No. 215, Laws of 1889, which is amendatory of the general act, and which provides that—

"The court shall, upon the petition of the majority in number and value of the unsecured creditors who have proved their claims, remove any assignee, and appoint such person assignee as the creditors so petitioning shall designate."

No grounds are stated for the removal of respondent other than that the petitioners are a majority in number and value of the unsecured creditors of said insolvent, and it is claimed by petitioners that they are entitled, under the act of 1889, to have the respondent removed without cause, upon their petition.

The respondent defends upon various grounds; and, among other things, he claims that the amendment of 1889 has no application to this assignment, which was made August 31, 1888, under the statute as it then existed; that the amendment can only be construed to apply to assignments made after the same took effect.

It is conceded by the petitioners that, if the assignee had acquired any vested rights in the position he occupied, such rights could not be impaired by this amendment; but it is urged that respondent had no such vested rights, and that he claims none, except that his compensation and expenses are not yet adjusted.

It appears that the estate is not yet settled, and that there are other duties to be performed by the respondent

or by his successor, if one should be appointed. We do not see how it can be claimed that an assignee under our statute has no vested rights in the property assigned, and his rights to the property are such as flow from his official position. The duties required to be performed by him are often of the highest responsibility, and frequently involve great labor. Before deciding to accept the trust, it is not uncommon for the assignee to give up some other occupation, in order that he may devote himself entirely to the duties involved in the trust. In such a case, to say that the assignee could be removed without cause might be to deprive him of a valuable and lucrative employment which he had made sacrifices to obtain.

If the amendment of 1889 is valid, which we do not question in this proceeding, one who accepts an assignment under it may well be said to have acted with a full knowledge of the law; and it would be no hardship to him that he should be required to take it subject to such contingencies as the statute imposes. But the respondent did not accept his trust under that statute, but under a statute which gave him a right to continue in his position so long as he was not guilty of any misconduct, and we do not think the amendment of 1889 can be held to apply to him.

In removing and substituting trustees, the courts do not act arbitrarily, but upon equitable principles, and after a full consideration of the case. Especially is this true where a trustee has been required to give security. The court will not substitute trustees upon the mere caprice of the *cestui que trust*, and without reasonable cause. 1 Perry, Trusts, § 277; *Preston v. Wilcox*, 38 Mich. 578.

The creditors are not the only persons interested in an assignment. The assignor has a resulting interest, and,

except for the statute of 1889, would have a right to be heard upon any application for the removal of a trustee whom he has himself put in charge of his estate.

The order removing the respondent will be vacated, with costs.

MORSE, LONG, and GRANT, JJ., concurred. CHAMPLIN, C. J., did not sit.