Burtt and others, Appellants, vs. Barnes, Assignee, Respondent.

*March 23 — April 10, 1894.*

*Voluntary assignment: Removal of assignee on application of a majority of the creditors: Parties: Appealable order: Statutes construed: Constitutional law.*

1.  Under sec. 1, ch. 548, Laws of 1887, providing that the circuit court shall remove an assignee upon the application of a majority of the creditors who shall also represent a majority in value of the debts

Burtt and others vs. Barnes.

allowed, the application may be made on behalf of such majority, if very numerous, by a committee appointed for that purpose and whose authority is put on record.

2. An order sustaining a demurrer to the petition for removal in such a case is appealable.

3. The minority of the creditors and the assignor need not be made parties to the proceeding.

4. There being no provision in the statute for allowance of the debts or claims except when they are contested, the "debts *allowed*" are those allowed by the assignor or assignee, or proved.

5. Sec. 1702, R. S., provides that the circuit judge may remove any assignee in a voluntary assignment for cause shown. An amendment, by sec. 1, ch. 548, Laws of 1887, provides that he "shall also remove any *such* assignee upon the application of a majority of the creditors," etc. *Held,* that the words "any such assignee" mean any. assignee in a voluntary assignment, and not merely one whose removal is asked for cause.

6. No cause need be assigned for the removal of the assignee when the application therefor is made by the majority of the creditors. The language of the statute is mandatory.

7. An assignee appointed after the enactment of the statute providing imperatively for his removal in such a case takes subject thereto, and the statute is not unconstitutional because providing for his removal without cause.

APPEAL from the Circuit Court for *Manitowoc* County. The facts are sufficiently stated in the opinion.

For the appellants there were briefs signed by *Schmitz & Kirwan,* and oral argument by *Michael Kirwan.*

For the respondent there was a brief by *Nash & Nash,* attorneys, and *J. S. Anderson,* of counsel, and oral argument by *L. J. Nash.*

ORTON, C. J.    This is an appeal from an order sustaining the demurrer to the petition for the removal of the respondent, as assignee in a voluntary assignment of the State Bank of Manitowoc, by the creditors of said bank. The demurrer was sustained on two grounds: (1) That the petitioners have no legal capacity to sue or proceed herein for or in behalf of any party or person other than them-

selves, and no authority from such other persons to do so is shown; and the statute (sec. 1702, R. S.) requires each creditor to make application for himself. (2) That the petition does not state facts sufficient to constitute a cause of action.

This is a proceeding under an amendment to the above section of the Revised Statutes by sec. 1, ch. 548, Laws of 1887, which reads as follows: "And shall also remove such assignee upon the application of a majority of the creditors of such assignor, who shall also represent a majority in value of the debts allowed against said estate." The section, otherwise than this amendment, provides that the circuit judge *may* remove any assignee for cause. The three petitioners named are a committee duly appointed by 315 creditors of the said bank, constituting a majority of all the creditors of said bank, and who represent a majority in value of the debts allowed against said estate. The said committee and petitioners were duly authorized to employ counsel and institute this proceeding to remove the assignee, by the said creditors, for and in their behalf as well as for themselves. These facts are shown by Exhibits A and B, appended to the petition, and they are alleged in the petition. The petition purports to be presented by the said three petitioners for and on behalf of said majority of the creditors. The demurrer admits all of these allegations of the petition to be true.

The first question is, Do not these allegations sufficiently dispose of the first ground for sustaining the demurrer? It is a principle as old as pleading that when the party plaintiffs are so numerous as to inconveniently incumber the record the action may be brought by one or more on behalf of all parties in like interest, the only question being the authority to bring the suit. If that is shown and placed on record when questioned, it is sufficient. One or more creditors may bring the suit in behalf of all other

creditors, as in *Cleveland v. Marine Bank*, 17 Wis. 545, and in *Merchants' Bank v. Chandler*, 19 Wis. 434. And so as to taxpayers, as in *Lynch v. E., L. F. & M. R. Co.* 57 Wis. 430. Authority to bring the suit is not only alleged in the petition and admitted by the demurrer, but is placed on record. The objection is in the highest degree captious and technical. Must all of those 315 creditors be named in the title of the case, and repeated every time the title is named, and then all of them personally appear in taking an appeal and sign the appeal papers? The idea is preposterous. The names of all the applicants or petitioners appear on the record and on the exhibits made a part of the complaint. That is amply sufficient. The learned counsel of the petitioners have been very careful, in bringing this suit, to put on record their authority.

2. The right of the petitioners to appeal from the order sustaining the demurrer is questioned. The right to demur to the petition may as well be questioned. The order affects a substantial right of both the petitioners and the assignee. The petitioners have a pecuniary and property interest in the trust to be administered by the assignee, and in his competency, ability, and integrity to administer it. The assignee now, by the statute, represents the creditors as well as the assignor. The assignee has a vested right in his office. *Old Nat. Bank v. Joslin*, 81 Mich. 413. This is a lawful proceeding in court. The order is clearly as appealable as any order sustaining a demurrer to the petition or complaint.

3. The learned counsel of the respondent contends that the minority of the creditors and the assignor should have been made parties. It is sufficient that the statute does not require that they should be made parties, and as, in the case of a petition to remove an executor, the other devisees and legatees need not be made parties with the executor, so here the assignee may be the sole defendant. *Estate of*

*of Pike* (*Kimball's Appeal*), 45 Wis. 391. The cases are strictly analogous.

4. The statute requires that the majority of the creditors should represent a majority in value of the debts *allowed* against said estate. The learned counsel of the respondent contends that this proceeding is premature, because such debts have not been *allowed*. There is no proceeding by our statute for the allowance of any of the debts or claims, except when they are contested. The word "allowed" was evidently an oversight, on the mistaken supposition that the statute provided for it. It must have a reasonable construction, and means allowed by the assignor or assignee, or *proved*, as in the New York and Michigan statutes. In such sense, all these debts have been allowed. The assignor has allowed them, and the assignee has paid a dividend upon them, and they have all been duly proved by the creditors. In *Nicolin v. Weiland* (Minn.), 56 N. W. Rep. 587, the statute for removing an assignee " on the petition of a majority in number and in amount of the *creditors* " received a similar reasonable and liberal construction by holding that the general creditors, or creditors at large, might file the petition when there had been no list of the creditors made or filed by the assignor or known to the assignee, and it would have to be determined who were creditors and the amount of their claims.

5. It is contended that the word " such " qualifies the assignee, and makes him the assignee against whom charges are preferred and whose removal is asked for cause, as immediately before provided in the section. This construction would make the amendment nugatory. But the meaning of the word " such " in the sentence, " and shall also remove any *such* assignee," is perfectly plain. It is used in the same sense as the word " such " in the connection " creditors of *such* assignor." It means the assignee of a voluntary assignment, spoken of in the previous sections. *Batten v. Smith*, 62 Wis. 92.

6. There can be but one construction of this amendment. The court "*shall* also remove any such assignee upon the application," etc. This language is mandatory and imperative. No other cause need be assigned than this application of a majority of the creditors. The court removes him because the creditors wish and ask it, and the statute gives them this right. It was clearly the intention of the legislature to place this power in the hands of a majority of the creditors. In *Old Nat. Bank v. Joslin*, and in *Nicolin v. Weiland, supra*, there was a similar statute, and such was the unquestioned construction.

7. This being the construction, the learned counsel of the respondent contends that the amendment is void because unconstitutional. It gives the assignee no day in court to defend his right to the office or trust. He is arbitrarily removed without cause. There are a great many officers, civil and administrative, in this country, who are removable without cause. The assignee is the trustee and representative of the creditors, in the present state of the law. To protect their interests they should have the power of his removal. But if it be conceded that an assignee who holds his office absolutely and unconditionally cannot be removed without the violation of his constitutional right of self-defense, or if this statute had been passed after the appointment of this assignee, then it is granted that he has such a vested right in the office as could not be taken away by subsequent legislation of this sort. But this assignee was appointed subject to this imperative power of removal. He had notice that he could only hold the trust so long as a majority of the creditors were willing that he should. His appointment was not absolute, but conditional. He holds subject to this law, to which he consented when he assumed the trust, and to just such a contingency. It is no hardship or wrong to him, for he had reason to expect that he might be removed by a majority of the cred-

itors at any time without cause. This disposes of the constitutional argument. It was held in *Old Nat. Bank v. Joslin*, 81 Mich. 413, that the assignee could not be removed under such a statute, because it was passed after he was appointed, and that he could only be removed for cause under the statute then in force.

It follows that the petition states facts sufficient for the removal of the assignee, and that the demurrer should have been overruled. It follows, also, that it is the imperative duty of the court to remove the assignee, and to appoint some other suitable person in his place, if the facts stated in the petition are true.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.