ALONZO W. ROLLINS, THEODORE A. SHAW AND JOHN H.
SNITZLER v. JOSEPH VAN BAALEN, EMANUEL H. VAN
BAALEN AND GEORGE H. STELLWAGEN.

*Statutory assignments—Attachments on property sold on execution—Multi-
farious bill.*

1. The Assignment Law of 1879 (How. Stat. ch. 303) applies only to com-
   mon-law assignments and not to any proceedings of a different form
   that are claimed to be frauds as to creditors.   Honest transfers and
   securities are not void if not in the shape of general assignments.

2. A Hebrew gave an indemnity mortgage to his two brothers, and an-
   other mortgage to one of them to secure some notes, and on the same
   day he confessed judgment in their favor severally for the amounts.
   The sheriff afterwards sold the mortgaged property in bulk under
   these executions to one of the brothers subject to certain sums re-
   maining due on the mortgages.   *Held*, that these multifarious dealings
   cannot be treated as an assignment, joint or otherwise.

3. Equity will not interfere to impound property or tie up interests after
   an execution sale thereof, in order to establish a lien thereon under
   attachment proceedings that have not even reached a judgment.

4. A bill is multifarious if filed by complainant as sole attaching creditor
   to avoid a transaction which, as a general creditor, he seeks to treat
   as a statutory assignment.

Appeal from Wayne.   (Chambers, J.)   April 24.—May 6.

BILL to set aside judgment, etc. Complainants appeal. Affirmed.

*Griffin & Warner* for complainants, in support of the theory of the bill, as seeking to prevent a substantial evasion of the Assignment Law, cited *Fuller v. Hasbrouck* 46 Mich. 81; *Coots v. Radford* 47 Mich. 37; *Heineman v. Hart* 55 Mich. 64; *Cron v. Cron's Estate* 56 Mich. 8; *Shirley v. Teal* 67 Ala. 449; *Holt v. Bancroft* 30 Ala. 193; *Sharp v. Teese* 4 Halst. 352; *Gulick v. Bailey* 5 Halst. 87; *Gray's Ex'rs v. Brown* 22 Ala. 274; *Tenison v. Martin* 13 Ala. 29: *Hudson v. Milner* 12 Ala. 670; *Bruce v. Lee* 4 Johns. 410; *Warren v. Lee* 32 Ala. 440; *Brown v. Webb* 20 Ohio 389; *Burrows v. Lehndorff* 8 Ia. 96; *Perry v. Holden* 22 Pick. 269; *Martin v. Hausman* 14 Fed. Rep. 160; *Kellog v. Richardson* 19 Fed. Rep. 70; *Perry v. Corby* 21 Fed. Rep. 737; *Case v. Beauregard* 101 U. S. 688; as to proceeding by attachment against goods sold on execution under a fraudulent judgment: *Edson v. Cumings* 52 Mich. 52; *Tyler v. Peatt* 30 Mich. 63; *Heyneman v. Dannenberg* 6 Cal. 376; *Hale v. Chandler* 3 Mich. 531; *Fearey v. Cummings* 41 Mich. 376; *Hinchman v. Town* 10 Mich. 508; *Scales v. Scott* 13 Cal. 76; *Massie v. Watts* 6 Cr. 148; *Bank &c. v. Rutland &c.* 28 Vt. 470; where property is subject to execution, and a creditor seeks to have a fraudulent conveyance or obstruction to a levy or sale removed, he may file a bill in equity as soon as he has obtained a specific lien on the property, whether the lien be obtained by attachment, judgment or the issuing of execution: *Tappan v. Evans* 11 N. H. 311; *Hunt v. Field* 1 Stockt. (N. J.) 36; *Castle v. Bader* 23 Cal. 75; *Heye v. Bolles* 2 Daly 231; *Falconer v. Freeman* 4 Sandf. Ch. 565; *Greenleaf v. Mumford* 19 Abb. Pr. 469; *Williams v. Michenor* 11 N. J. Eq. 520; *Robert v. Hodges* 16 N. J. Eq. 299; *Joseph v. McGill* 52 Ia. 127; Bump on Fraud. Conv. (3d ed.) pp. 535–6; a creditor without having first obtained a judgment at law, may come into a court of equity, *to set aside fraudulent conveyances of his debtor, made for the purpose of hindering and delaying creditors, and to subject the property to the payment of the debts due him:* *Thurmond v. Reese* 3 Ga. 449; *Cornell v. Radway* 22 Wis. 260; *Sanderson v. Stockdale* 11 Md. 563; it is a badge of fraud where an insolvent debtor transfers all his property to his brothers: *Thomas v. Beck* 39 Conn. 243; or gives mortgages and confesses judgment to them on the same day: *Peirce v. Merritt* 70 Mo. 275; *Floyd v.*

*Goodwin* 8 Yerg. 484; especially where the mortgages are to indemnify sureties whose liabilities were remote and contingent: *Harney v. Pack* 12 Miss. 253; and where the transfers were made in expectation of suits against him, and contemplated a secret trust: *Glenn v. Glenn* 17 Ia. 498; *Twyne's Case* 3 Co. 80; that alternative relief is prayed upon an entire transaction, cannot make a bill multifarious: *Hammond v. Mich. State Bank* Walk. Ch. 247.

*Geo. S. Hosmer* (*Dickinson, Thurber & Hosmer*) for defendants. A bill framed with a double aspect must not be inconsistent with itself, in setting up two causes of complaint that destroy each other: *Hart v. McKeen* Walk. Ch. 417; complainants cannot, while seeking a preference themselves by attachment, file a bill to declare and enforce an assignment: *Green v. Gross* 12 Neb. 117; *Valentine v. Decker* 43 Mo. 583; a debtor's mortgage or conveyance of his property is not per se fraudulent, even where there is an assignment law: *Johnson v. McGrew* 11 Ia. 152; *Fromme v. Jones* 13 Ia. 474; *Hutchinson v. Watkins* 17 Ia. 475; *Buell v. Buckingham* 16 Ia. 284; *Cowles v. Ricketts* 1 Ia. 582; *Lampson v. Arnold* 19 Ia. 486; *Davis v. Gibbon* 24 Ia. 257; *Farwell v. Howard* 26 Ia. 381; *Farwell v. Jones* 63 Ia. 316; *Lininger v. Raymond* 12 Neb. 25; *Nelson v. Garey* 15 Neb. 531; a lien is not necessary in order to reach personal property fraudulently conveyed: *Reeg v. Burnham* 55 Mich. 39; equity will aid a creditor to collect his debt, if he is without relief at law, whether there be a lien or not: *Merchants' National Bank v. Paine* 13 R. I. 592; but will not take cognizance before judgment unless necessary to prevent a failure of justice.

CAMPBELL, J. Complainants, who on January 31, 1885, sued out an attachment against Joseph Van Baalen, in the Wayne circuit court, for $532, and caused it to be levied on the same day on a stock of goods of said Joseph, in Detroit, by the sheriff, Mr. Stellwagen, filed this bill February 2, 1885, for relief. The bill avers the execution on the 12th of January, 1885, of two mortgages on the same property by Joseph, —one indemnity mortgage for $5000 to Emanuel and Isaac Van Baalen to secure them on their joint bond with him as his sureties, given November 24, 1884, to Jacob Loewenstein, with whom he had been a partner, and whom he succeeded in

business; and one for $2500 to Emanuel to secure the payment of three notes made in November and December previous, on which Emanuel was indorser, held by the Market Bank.    It also avers that on the same 12th of January, 1885, Joseph confessed judgment in favor of Emanuel for $2200.50, and in favor of Isaac for $3527.86; that the sheriff, Stellwagen, under executions on said judgments, levied on the property, and had advertised it for sale on the 3d of February, 1885, at ten o'clock A. M.; and that he was in possession under said mortgages and such executions, and proposed to sell, and unless restrained, would sell and place it beyond reach of complainants and other creditors.

The property is averred to be worth considerably less than these securities, and to include all that Joseph owned.    It is also averred that the debts indemnified against are not all due, and do not, as complainants are informed, reach the full amount secured, and that the notes were made to enable Joseph to raise money and place it beyond the reach of creditors.    They also give some reasons for claiming the judgment claims to be fictitious and collusive.

A supplemental bill showed that on February 3d the mortgaged property was sold in bulk for $3000 to Isaac Van Baalen (through Emanuel), subject to $3000 on the $5000 mortgage, and to $2500 on the other.

The original bill claimed that the transactions of January 12 operated as a general assignment, and were therefore void for preferences, and asked that the court appoint a receiver under the statute on that subject.    It also asked in the alternative that the judgments be set aside, as well as the $2500 mortgage, and that no sale be had on the $5000 mortgage until the contingent liability of the sureties was fixed, and that a receiver be appointed to dispose of all the property, giving preference to complainant's attachment.    The prayer of the supplemental bill was to reach the same substantial results against the defendants.

Defendants demurred generally, and also specially for multifariousness, and for inconsistency in setting up an

attachment against a general assignment. The court below dismissed the bill.

We can find no ground on which this bill can be sustained. The statute of 1879, under which the claim is set up, is "An act to provide for the regulation and enforcement of assignments for the benefit of creditors." How. Stat. § 8739 et seq. It provides that all such assignments, "commonly called common-law assignments," shall be void unless made without preferences, and without certain formalities and concurrent action, and that they shall be so administered. All of the provisions relate to instruments which purport to be such assignments made to some assignee named. The statute is very clear on this subject.

The transactions, claimed now to amount to a general assignment, are one mortgage to two defendants, which is confessedly valid to some extent; one mortgage to a single defendant, which is attacked as invalid; and two confessions of judgment, claimed to be fraudulent, not joint but several, on which executions have been levied, but not sold when the original bill was filed. The supplemental bill, which seeks to reach the proceeds of sale, does not dispute the partial validity of the first indemnity mortgage. Neither bill denies the validity of the notes secured by the second mortgage, but they are claimed to have been negotiated for Joseph's benefit. The sale being made subject to both of these mortgages, there would seem to be some difficulty in dealing with them without bringing in Loewenstein and the Market Bank, who hold the debts secured. But as this point was not argued, and is not necessary for a decision, we pass it.

The statute cannot treat these multifarious dealings in which interests are secured or transferred severally as one joint assignment, or as an assignment at all. Until the supplemental bill was filed there was not even an absolute disposal of anything. Prior to the execution sale there was no more than a series of asserted liens, and as Stellwagen had already made a levy on all the property which he treated as subject to the mortgages, it is not very plain that he could levy complainant's attachment in antagonism. At least he

does not seem to have done so, as he proceeded to sell on the basis of the statute concerning levies on mortgaged property. It would be utterly impossible to work out proceedings under the statute of 1879 from any such multiplicity. It should be construed as it reads, as applying only to what purport to be common-law assignments. If proceedings not in that form are claimed to be fraudulent as to creditors, they must be reached in some other way, and shown to be against some other policy. The law does not avoid honest transfers or securities which are not general assignments.

There is still less ground for relief upon the attachment. It has not yet proceeded to judgment, and it is subject to all the prior interests so far as valid. It is not certain that complainants will ever reach a judgment. There is no principle of equity jurisprudence that will allow them to impound this property and tie up these interests now. It was held in *Stoddard v. McLane* 56 Mich. 11, that, as a general rule, equity will not interfere in favor of even executions on personalty, and in *Tyler v. Peatt* 30 Mich. 65, as in several previous and subsequent cases, that the creditor must first exhaust his remedy at law before proceeding against equitable interests. There can usually be no difficulty in reaching relief at law in such cases, and there is nothing to show ultimate danger from irresponsibility; and there is no offer to pay the mortgages if they should be found valid, although the attachment must, at best, be subject to them so far as they are good.

The only cases cited from our reports, in which relief was given to attaching creditors before judgment, were *Hale v. Chandler* 3 Mich. 531, and *Edson v. Cumings* 52 Mich. 52. Both those cases were peculiar, and the defendants in both failed to raise any objection by demurrer, but saw fit to answer and go to hearing on proofs. They furnish no precedents for this case.

We have referred to the merits here, to avoid the necessity of leaving the case open for future litigation on the same matters. The bill, however, is multifarious in assuming in-

consistent positions—being filed on the double theory of a sole claim as attaching creditor to avoid the transaction which, as general creditors, they seek to turn into a statutory assignment.

The decree dismissing the bill must be affirmed.

SHERWOOD and CHAMPLIN, JJ. concurred.   COOLEY, C. J. concurred in the result.