LONGLEY, LOW & ALEXANDER v. AMAZON HOSIERY CO.

MORTGAGES—RECEIVERS—ASSIGNMENTS FOR BENEFIT OF CREDITORS
—PREFERENCES.

A corporation, heavily indebted, gave mortgages on substantially all of its property to certain creditors, as trustees for themselves and other named creditors. The trustees at once filed a bill of foreclosure, and, by consent of the mortgagor, a receiver was appointed, with authority to continue the business. Soon thereafter the trustees organized a new corporation, which, by authority of the court, purchased from the receiver all the property of the old corporation. *Held*, that the transaction could not be regarded as a common-law assignment for the benefit of creditors, and therefore void for preferences, even though the mortgagor consented to the receivership proceedings at the time of executing the mortgages.

Appeal from Muskegon; Russell, J. Submitted January 31, 1901. Decided September 25, 1901.

Bill by Longley, Low & Alexander against the Amazon Hosiery Company, the Amazon Knitting Company, Charles H. Hackley, and Thomas Hume, to establish a right to share in the assets of an insolvent debtor. From a decree dismissing the bill, complainant appeals. Affirmed.

*Taggart, Denison & Wilson*, for complainant.

*Smith, Nims, Hoyt & Erwin*, for defendants.

MONTGOMERY, C. J. On and prior to March 25, 1898, the Amazon Hosiery Company was engaged in the manufacturing business at Muskegon. It was a corporation organized under the laws of Illinois, but its plant was located, and its entire business carried on, at Muskegon, excepting that it maintained a business office in Chicago. On March 25th it was indebted to the defendants Hackley

and Hume, directly and indirectly,—that is, on debts to them, and on debts to others upon which they were collaterally responsible,—in a very large amount, approximately $150,000. It was indebted to others in a large amount.

On the day above named—March 25, 1898—the Amazon Hosiery Company executed and delivered to the defendants Hackley and Hume, as trustees for themselves and others, certain real-estate and chattel mortgages. These mortgages, together with another conveyance which Hackley and Hume already held, covered all the property of the corporation, excepting some office furniture in Chicago, of no substantial value, and excepting a piece of vacant land near the factory, which was inadvertently omitted. They were given to secure the payment of the debts therein recited, which were the debts owing to the local banks and the debts owing to Hackley and Hume, or for which they were responsible. Debts amounting to upwards of $60,000 were not mentioned in, and were not secured by, the mortgages.

On the same day—March 25th—the defendants Hackley and Hume, as trustees, filed a bill in the circuit court for the county of Muskegon, in chancery, for the foreclosure of such mortgages. The Amazon Hosiery Company, which was the sole defendant, appeared on the same day by its solicitors, and by consent an order was made appointing George W. Powell, the former manager of the company, and Thomas Munroe, as receivers, with general authority to continue the business, including the right to buy new materials. They did continue the business, and, to raise the necessary capital to buy new material and pay for labor, issued $30,000 in receivers' certificates. Within a short time thereafter a new corporation was organized, which was called the Amazon Knitting Company, and is also one of the defendants in this case. This corporation had a capital stock of $100,000, and the defendants Hackley and Hume were the sole substantial stockholders. An arrangement was made by which the new corporation

should buy from the receivers all the property of the old corporation, and should assume and pay the secured debts, in so far as the receivers might leave them unpaid. This arrangement was carried out by the orders of the court, and the property sold to the new corporation, which gave a bond for the payment of certain of these secured debts. The real estate was leased to the new corporation for the remainder of the foreclosure period.

The complainant herein, which was an unsecured creditor to the amount of $4,500, filed this bill in the Muskegon circuit court in chancery. It was not a judgment creditor, nor was very much of its indebtedness past due. It therefore was not in a position to attack the transaction as having been invalid, as intended unlawfully to hinder and delay creditors. The bill in this case was filed upon the theory that the mortgages and receivership were in fact one transaction, and amounted to an assignment for the benefit of creditors under the statute, and for that reason should be enforced ratably for the benefit of all creditors; and it prayed the accounting against the defendants which would be necessary to accomplish such result. The case was heard upon proofs taken in open court, and the circuit judge dismissed the bill. Complainant brings this appeal.

There was evidence from which it may fairly be inferred that, at the time the mortgage was executed, an understanding had been reached that an application should be made for a receiver, and that the debtor company should consent to the appointment of a receiver. It is the contention of the complainant that, this being so, the execution of the mortgage, the appointment of the receiver, and the sale of the property by the receiver to Hackley and Hume should all be treated as one transaction, and that this transaction was, in effect, a common-law assignment, and invalid, as it created a preference in favor of certain of the creditors.

It is very clear that, under the previous holdings of this court, the mortgage, in and of itself, did not constitute a

common-law assignment, within the meaning of the statute. *Warner* v. *Littlefield*, 89 Mich. 329 ( 50 N. W. 721); *National Bank of Oshkosh* v. *First Nat. Bank of Ironwood*, 100 Mich. 485 ( 59 N. W. 231 ); *Rollins* v. *Van Baalen*, 56 Mich. 614 ( 23 N. W. 332 ); *Sheldon* v. *Mann*, 85 Mich. 265 ( 48 N. W. 573 ). The mortgage, while covering nearly all the debtor's property, and preferring the defendants Hackley and Hume, did not cut off the right of creditors to levy upon so much of the assets of the Amazon Hosiery Company as had not, by the security, been appropriated to the benefit of the secured creditors. The debtor had the right to give, and Hackley and Hume had the right to receive, security which would work a preference in their favor. The only limitation of this right is in case a common-law assignment is in fact made; and a mortgage is not such an assignment.

But it is insisted that the debtor, by assenting to the appointment of a receiver at the time of the execution of the mortgage, parted with all dominion over the property, and that this brings the case within the rule of *Kendall* v. *Bishop*, 76 Mich. 634 (43 N. W. 645). In that case the instrument itself placed the control of the property in the hands of the trustee, with full power of sale and distribution. In the present case the trustee was given no such power, except as it should be conferred by the court. The stipulation consenting to an appointment of a receiver was not binding upon the court, and the court, if satisfied that the rights of unsecured creditors would suffer by this appointment, might well have declined to make it.

It is urged that the effect of the order for a receiver was to prevent a levy by unsecured creditors. It may be true that this was the case, except as leave was granted by the court, or it may have been necessary for the unsecured creditors to intervene in that proceeding for the protection of their rights; but, whatever the remedy open to him, his right of redemption was not cut off, and the proceeds of the sale not necessary to satisfy the secured creditors were subject to seizure for the debt. The

appointment of the receiver placed the property in the custody of the receiver for the benefit of the party ultimately entitled. *Union Bank of Chicago* v. *Kansas City Bank*, 136 U. S. 223 (10 Sup. Ct. 1013). It is true that, by the terms of the appointment, the receiver was authorized to continue the business under the direction of the court, and to sell the manufactured product, and, if need be, under the direction of the court, to sell, transfer, and convey the whole or any part of the property. Yet it is too much to say that the title to all the property completely vested in the receiver. Except as to the manufactured product, the sale could only be made upon authority obtained from the court, and this authority was conferred in the foreclosure proceeding. Until such sale was made, the equity of the debtor was subject to levy to satisfy the claims of unsecured creditors, except for the fact that it was temporarily in the custody of the court. It cannot be assumed that, if there was any substantial equity to be reached by process, the court would have withheld its consent to a levy.

We cannot construe this transaction as a common-law assignment. The decree dismissing the bill is affirmed.

HOOKER, MOORE, and GRANT, JJ., concurred. LONG, J., did not sit.