ROGERS *v.* SCHRAM.

1. EQUITY—JURISDICTION—MULTIPLICITY OF SUITS.
A bill of complaint showing that the complainant claims title through the foreclosure of a mortgage of a deceased party, whose three children claim an interest in fee in the property, denying the right of their parent to mortgage the premises, and also showing that ejectment has been commenced by two of the children, and that a third action is threatened, and failing to show that complainant has established his title at law, does not confer jurisdiction on the court of equity to prevent a multiplicity of suits.

2. SAME.
Such a bill only lies to enjoin actions at law where the plaintiff has established his right at law, or where the persons who controvert it are so numerous as to render the issue under the direction of the court indispensable and prevent a multiplicity of suits.

3. SAME—EQUITABLE RIGHT.
In a case where the complainant claims no equitable title, but only a legal estate, the action of ejectment will not be enjoined.

4. SAME.
Nor can the bill be sustained where the rights of the parties depend upon a question of law.

5. ESTATES OF DECEDENTS — EXECUTORS AND ADMINISTRATORS — EQUITY.
Probate court, not equity, is the forum in which to determine any claim the complainant might have against the decedent's estate for breach of covenants in a mortgage.

6. EQUITY—INCONSISTENT THEORIES.
Inconsistent theories are presented by a bill of complaint which avers title to premises under a mortgage foreclosure, and claims an equitable lien on the deceased mortgagor's estate for breach of covenants of warranty.

Appeal from Barry; Smith, J. Submitted February 15, 1910. (Docket No. 169.) Decided May 7, 1910.

Bill by Daniel W. Rogers against Nellie M. Schram and others to quiet title to certain land, and to enjoin an action of ejectment. From an order overruling a demurrer, defendants appeal. Reversed, and bill dismissed.

*Thomas Sullivan* and *Alonzo D. Cadwallader*, for complainant.

*Colgrove & Potter*, for defendants.

McAlvay, J. This is an appeal from an order overruling a demurrer to the bill of complaint. Complainant claims to be the owner in fee of certain parts of lots in the city of Hastings, in Barry county, which title he alleges he obtained by and through certain regular proceedings to foreclose, by advertisement, a certain mortgage upon said lots, dated April 12, 1899, containing a warranty of title given to him by Daniel C. Warner, who obtained title in fee thereto through the last will and testament of one Hannah Minerva Mixer, who at the time of her death was the owner in fee thereof; and said complainant further claims and alleges that, after the equity of redemption expired under said foreclosure, he received a valid sheriff's deed, and under it entered into full and complete possession of said lots, which possession was surrendered to him by said Daniel C. Warner during his lifetime, on August 10, 1903, and he has ever since continued to hold such possession; that Daniel C. Warner as executor, under the will mentioned, administered the estate of Hannah Minerva Mixer, paying all claims, and leaving the premises in dispute and personal estate amounting to $1,700.14 to be assigned to him as appears from his final account which was allowed October 17, 1890; that Daniel C. Warner died March 2, 1909, leaving a last will and testament devising and bequeathing his property equally to two daughters, who are among the defendants named, he having theretofore provided for his wife and two sons. Of this will the daughter, Nellie M. Schram, was the executrix. One son and two daughters survived him. This estate is being duly administered and the final account

has been filed, showing $357.97 as a balance after paying all claims and expenses, part of which balance has already been distributed. Complainant further alleges that the three children of Daniel C. Warner claim by virtue of the will of Hannah Minerva Mixer to own each an undivided one-third in fee of the premises he claims through the proceedings of foreclosure as above stated, and that two of them have already commenced against him an action in ejectment to recover possession of an undivided two-thirds of the same, and the third heir is liable at any time to commence a like suit for a one-third interest.

Complainant further alleges, if in these suits it should be determined that the plaintiffs were as owners entitled to recover, then he would be entitled to recover in a suit at law damages for the breach of warranty of title contained in his mortgage against the estate of Daniel C. Warner to the amount of the personal property remaining in said estate, or against the legatee, to the amount each has received, up to the value of the premises, which at the time he took the mortgage was $800, and at the present time $1,000, and that he has expended in repairs $100; that the personal property on hand in said estate ($357.97) should be declared a lien upon said land in his favor, to the extent of the interest of these three heirs, should they, or any of them, recover in their ejectment suits. He prays that all the allegations of his ownership narrated may be declared true, that he may be declared entitled to the possession of these premises, and that the defendants may be held to have no title or interest therein, and for general relief; also, that the prosecution of the ejectment suit may be restrained *pendente lite*.

Defendants demurred to this bill of complaint, upon several grounds which may be condensed, as follows: Because complainant has a full, adequate, and complete remedy at law. Because he has not stated in his bill such a case as entitles him to relief in equity; there being no allegations of fraud or that the defendants are financially irresponsible.

In answer to the first contention, complainant insists that his remedy at law is not full, adequate, and complete; that he is in fear that the other heir may bring ejectment for her claimed one-third; and that a court of equity should retain jurisdiction to relieve from a multiplicity of suits. In this case one suit has been brought and another one may be brought. The complainant has not established his right at law. The controversy is between parties claiming legal title to lands through the same source. Relative to cases relieving from a multiplicity of suits, Chancellor Kent in *Eldridge* v. *Hill*, 2 Johns. Ch. (N. Y.) 281, said:

"A bill of peace, enjoining litigation at law, seems to have been allowed only in one of these two cases: Either where the plaintiff has already satisfactorily established his right at law, or where the persons who controvert it are so numerous as to render the issue under the direction of this court indispensable to embrace all the parties concerned, and to save multiplicity of suits."

The facts in the case at bar do not bring it within either one of the classes named. Where the rights of the parties depend upon a question of law merely, a bill cannot be sustained to restrain defendant from suing at law. *Murphy* v. *Mayor, etc., of Wilmington*, 6 Houst. (Del.) 108 (22 Am. St. Rep. 345). A similar case to the one under consideration is *Shaw* v. *Chambers*, 48 Mich. 355 (12 N. W. 486), where a bill was filed to enjoin an ejectment suit. Justice COOLEY, speaking for the court, said:

"His defense at law in that case would be perfect and there is no justification for causing the trouble and expense of two suits when one would be adequate for all the purposes of justice. The proper tribunal for the trial of titles to land is the common-law court, and the equitable jurisdiction is to be invoked only when the common law is inadequate to give full relief. * * * If the suit at law involves but a portion of the controversy, or if after its determination there may remain an apparent title of record clouding the legal title, there may be just occasion for invoking the aid of equity; but these are exceptional

cases, and the circumstances which make them so do not exist here."

In a case where a party was complaining that, as defendant in ejectment he would not have perfect relief, this court said:

"Undoubtedly where a party holding a legal title seeks to enforce it against a person in possession claiming under an invalid title, or one which the party complaining claims to be such, the only proper remedy is ejectment, and that remedy is perfect." *King* v. *Carpenter*, 37 Mich. 365.

Complainant is claiming no equitable title, but a title in fee simple, and only legal titles are involved. In such case equity will not restrain an action of ejectment. *Lott* v. *Lott*, 146 Mich. 580 (109 N. W. 1126, 8 L. R. A. [N. S.] 748).

Complainant, however, contends that, should plaintiffs succeed in the ejectment suit, he will be left remediless, because by reason of the breach of warranty of title by Warner in his mortgage he will lose the amount for which he foreclosed, and also amounts expended for repairs, all of which would become a claim against the estate of Daniel C. Warner which defendants should account for. This would appear to be asserted in support of his contention that this bill would avoid a multiplicity of suits, and also that the bill is a bill for an accounting as argued at length in his brief. Complainant filed no claim against the estate of Warner. The probate court was the proper forum to determine a claim arising from a breach of contract. He seeks to impound the property of the estate, and have a court of equity determine such a claim against it. A court of equity cannot do this, nor can complainant, until he becomes a judgment creditor, interfere with property in the hands of Warner's executrix. *Rollins* v. *Van Baalen*, 56 Mich. 615 (23 N. W. 332); *Tyler* v. *Peatt*, 30 Mich. 65; *McKee* v. *Garbage Co.*, 140 Mich. 502 (103 N. W. 906). These two theories are inconsistent in any event. He cannot own the fee in these premises and be

entitled to an equitable lien upon the proceeds of the Warner estate. He claims relief upon both theories.

Our conclusion is that complainant by his bill did not set forth a case entitling him to equitable relief, and that he has a full, complete, and adequate remedy at law. We have not thought it necessary to discuss the will of Mrs. Mixer. Whether it gave to complainant's mortgagor an estate in fee as complainant claims, or only an estate for life with remainder over to Warner's surviving heirs, will be determined elsewhere. The order and decree overruling the demurrer is reversed, and a decree will be entered in this court dismissing the bill, and dissolving the injunction, with costs of both courts to defendants.

HOOKER, MOORE, BROOKE, and STONE, JJ., concurred.