## SCHRAM *v.* ROGERS.

WILLS—DEVISE—CONSTRUCTION.

   A devise by testatrix to her brother, followed by a declaration in a succeeding clause of the will that it was the wish and desire of testatrix that her nephew, a beneficiary under the will, should have an equal share in the property so devised with other children of the devisee at the death of such brother, operates as a conveyance of the fee simple; the language in the separate and succeeding clause operating merely as an expression of a desire, does not limit the estate conveyed.

Case-made from Barry; Smith, J. Submitted November 22, 1911. (Docket No. 163.) Decided January 23, 1911.

Ejectment by Nellie M. Schram as guardian of Horatio E. Warner, and in her personal right, and another, as plaintiffs, against Daniel W. Rogers. Judgment for plaintiffs. Defendant brings case-made. Reversed.

*Thomas Sullivan*, for appellant.

*Colgrove & Potter*, for appellees.

BLAIR, J.   This is an action of ejectment, brought by
Nellie M. Schram, as guardian of Horatio E. Warner,
and in her own right, and Lillie Belle Curtis, as plaintiffs,
against Daniel W. Rogers, as defendant.   The action was
brought by the plaintiffs to recover the N. ½ of lots Nos.
297 and 298 of the city of Hastings, according to the orig-
inal plat of said city; each of the plaintiffs claiming an
undivided one-third of said premises in fee simple.

The plaintiffs claim title in fee as heirs at law of Daniel
C. Warner, deceased.   The defendant claims title in fee
simple through the foreclosure of a real estate mortgage
given by Daniel C. Warner in his lifetime.

Daniel C. Warner obtained title to the premises in ques-
tion through the last will and testament of Hannah Min-
erva Mixer, deceased.   It is conceded that the determina-
tion of the case depends upon the construction to be given
to the last will and testament of Hannah Minerva Mixer.
If the will gave to Daniel C. Warner only a life estate in
the premises referred to, then plaintiffs are entitled to re-
cover.   If it gave to Daniel C. Warner an estate in fee in
the premises, then plaintiffs are not entitled to recover.
The last will and testament of Hannah Minerva Mixer
disposes of her estate as follows:

" *First.* It is my desire that all my just debts, funeral
charges and expenses be first paid out of my estate.

" *Second.* I give, devise and bequeath to my brother,
Daniel C. Warner, of Castleton, Barry county, State of
Michigan, all of my property both personal, real and mixed,
wherever the same may be situated, except as is here-
inafter excepted and named, to have and to hold the same
to himself, his heirs and assigns forever.

" *Third.* I give, devise and bequeath to my nephew,
Charles Warner, the money and property now in his
hands, and owing from him to me, to have and to hold
the same forever.

" *Fourth.* I give, devise and bequeath to my nephew,

Horatio E. Warner, the money and property in his hands owing from him to me, to have and to hold the same forever.

' "*Fifth.* It is my wish and desire in case my said nephew, Horatio E. Warner, outlives my brother, Daniel C. Warner, that the said Horatio E. Warner shall have an equal share of the property herein bequeathed to Daniel C. Warner with said Daniel C. Warner's other children who may then be living."

For further facts, see *Rogers* v. *Schram*, 161 Mich. 278 (126 N. W. 423).

"In the construction of a will, the first duty of a court is to ascertain the intention of the testator. Such intention is to be ascertained from the whole will interpreted with reference to the obvious or manifest object of the testator. All parts of the instrument must be construed in relation to each other, so as to give meaning and effect to every clause and phrase, and, if possible, form one consistent whole; every word receiving its natural and appropriate meaning." *Foster* v. *Stevens*, 146 Mich. 131 (109 N. W. 265).

In the second clause of the will, the testatrix, by apt and technical language, gives, devises, and bequeaths her entire property to her brother absolutely, except only such "as is hereinafter excepted and named." In the third and fourth clauses, she proceeds to " give, devise and bequeath " the property "excepted and named" to her nephews absolutely. She has now disposed of her entire estate in clear and unambiguous language, without a hint of any reservation whatever. If the fifth clause is to be construed as cutting down the absolute estate granted to a limited estate for life only, then it is apparent that the clear language of the second clause was not used intelligently, and the intent so plainly expressed thereby must fail, as inconsistent with the intent expressed in the fifth clause. If, however, we construe the fifth clause in accordance with the natural meaning and the changed form of the language used, as compared with the accurate language used in the second, third, and fourth clauses, as an expression by the testatrix of a mere wish and desire

on her part that her brother do not discriminate against his son Horatio in disposing of the property by will, then the entire will is harmonious, and every clause receives an interpretation consistent with its own language and that of all other clauses. Such construction we deem to be the proper construction of the fifth clause.

The judgment is reversed, and no new trial granted.

STEERE, McALVAY, BROOKE, and BIRD, JJ., concurred.