CRISP *v.* ANDERSON.

1. WILLS—CONSTRUCTION—INTENTION.
    In the construction of a will, the intention of the testator, if possible, should be gathered from the four corners of the instrument, and effect given to such intention if legally possible.

2. SAME.
    Where testator by one clause of his will gave to his daughter-in-law five dollars, "which sum is all I wish said M. and any of her blood relations ever to have of my property"; and by another clause gave all the rest, residue, and remainder to his only son, "but I want my son Howard to make such disposition of the property * * * that it shall be kept in the line of the Stafford blood and if any be poor or crippled I would like my said son to favor those first out of said property," *held,* that it was the intention of testator to give to the son an absolute estate in fee in the property devised, and that he was free to follow his father's wishes or not as he saw fit.

See note in 37 L. R. A. (N. S.) 646.

3. SAME—PROBATE COURTS—DUTY TO CONSTRUE WILLS.
   It is elementary that a probate court may construe wills for certain purposes, and that it must do so for the purpose of distribution.

4. SAME.
   *Held*, that the orders of the probate court distributing the residue of the estate to the son, and later, on his death, to his widow, was proper.

Appeal from Hillsdale; Chester, J. Submitted October 22, 1918. (Docket No. 94.) Decided December 27, 1918.

Bill by Clara Crisp and others against Ellsworth Anderson and others for a construction of the last will of Elmer Stafford, deceased. From an order dismissing the bill, plaintiffs appeal. Affirmed.

*James Donnelly,* for plaintiffs.

*Frankhauser & Cornell* and *Chandler & Retan,* for defendants.

On July 23, 1894, Elmer Stafford died testate. Two paragraphs of his will follow:

"*Eighth.* I give, devise, and bequeath the sum of five dollars in money out of any of my estates to Martha Stafford, the wife of my son Howard Stafford, which sum is all that I wish said Martha Stafford and any of her blood relations ever to have of my property, excepting children she may have by my said son, Howard Stafford.

"*Ninth.* I give, devise, and bequeath all the rest, residue and remainder of my estate, both real and personal, to my said son, Howard Stafford, he to go right on and use it according to his own judgment after I am dead and gone, but I want my said son Howard to make such disposition of the property I hereby will to him that it shall be kept in the line of the Stafford blood and if any be poor or crippled I would like my said son Howard to favor those first out of said property."

Howard Stafford, only son and sole heir of Elmer Stafford, qualified as executor of his father's will and on July 24, 1895, his final account as such executor was duly allowed by the probate court of Hillsdale county and the balance of said estate, both real and personal, was assigned to him as sole residuary devisee and legatee in fee simple. Howard Stafford died March 14, 1909, intestate, leaving a widow, Martha J. Stafford, but no children nor heirs of deceased children. Martha J. Stafford qualified as administratrix of said estate and her final account as such was allowed on September 25, 1909, and the residue of said estate was assigned to her as such widow. On March 29, 1916, Martha J. Stafford died intestate leaving no children, father, mother, brothers or sisters surviving her. Upon petition one Orville B. Lane was appointed administrator of said estate, an inventory of which showed personal estate valued at upwards of $3,000 and real estate valued at $8,500. The real estate being the same farm which was devised by Elmer Stafford to his son Howard Stafford in 1894. Said administrator filed a final account and petitioned the probate court for an order assigning and distributing the residue of said estate to the heirs of said Martha J. Stafford. Thereupon and before the day set for the hearing upon said petition plaintiffs herein, who are of the Stafford blood, filed their bill of complaint against defendants herein, who are represented to be the heirs at law of Martha J. Stafford, deceased. The bill prays for a construction of the will of Elmer Stafford, deceased, and that the probate orders of July 24, 1895, and September. 25, 1909, assigning said estate first to Howard Stafford and later to Martha J. Stafford be set aside; further that Lane, administrator, be required to account to plaintiffs for such of the estate as is now in his hands together with the rents and profits thereon.

To this bill of complaint defendant Lane, administrator, interposed a motion to dismiss. A like motion was interposed on behalf of one Waldron E. Britton, one of the defendants and heirs at law of Martha J. Stafford, deceased. Upon hearing, the court below granted defendant's motion and plaintiffs' bill was dismissed. In this court plaintiffs review said order.

BROOKE, J. (*after stating the facts*). Counsel for plaintiffs say there are two questions involved:

"*First.* The proper construction and meaning of the will of Elmer Stafford, deceased, particularly of the eighth and ninth paragraphs.

"*Second.* The right of plaintiffs at this time to be heard in court on their bill of complaint under all of the allegations and all reasonable presumptions therefrom and to the relief that plaintiffs pray for."

After an exhaustive analysis of sections eight and nine of the will, counsel for plaintiffs asserts:

"Taking this view of the ninth paragraph and reading it in connection with the eighth paragraph preceding, the purpose of the testator is so evident that it is submitted the court cannot disregard its plain and clear meaning to give to Howard Stafford only a restricted and limited estate and right of control over the property for the purpose of having it confined to the blood relations of the deceased.

"It was clearly the purpose of the testator to give to Howard Stafford the benefit of the use of said estate during his life with the power to convey and dispose of the same at or before his death, either to his child or children if any survived him, and if no child or children survived, then under the will the property shall go to the blood relations of the deceased living at the time of his death, under the rules of law governing the disposition of estates under last wills and testaments."

—and claims that this interpretation of the language of the will is warranted by our decisions in *Gadd* v. *Stoner*, 113 Mich. 689, and *Robinson* v. *Finch*, 116

Mich. 180. We find ourselves unable to agree with this construction of the language of sections eight and nine of the will. There is no doubt that we have frequently held that a cardinal rule of construction is to ascertain, if possible, the intention of the testator from the four corners of the instrument and after such intention is so ascertained, to give it effect if that be legally possible. Applying that rule to the construction of the two sections of the will in question we are constrained to the view that it was the intention of Elmer Stafford to give to his son, Howard, an absolute estate in fee in the property devised. The expression in the eighth paragraph:

"which sum is all that I *wish* said Martha Stafford and any of her blood relations ever to have of my property,"

—and that in the ninth:

"but I *want* my son Howard to make such disposition of the property I hereby will to him that it shall be kept in the line of the Stafford blood and if any be poor or crippled I *would like* my said son Howard to favor those first out of said property."

—are both clearly of a precatory character. The testator conveyed to his son an absolute estate in fee with full power of disposition but desired his son to know what his wishes were with reference to the ultimate destination of the property so devised. No language is found in either of the sections in question placing any legal limitation upon the estate thereby conveyed to the son, nor can it be said (regard being had for the language used), that the testator desired to impose any such limitation. That the son failed to heed the admonition of his father and to give effect to his father's clearly expressed desire is unquestioned, but that is a contingency against which the testator could have, but did not, provide. It affords no argument for a strained or unusual construction of the

language used. This construction of the will under consideration falls well within the following decisions: *Jones* v. *Jones*, 25 Mich. 401; *Dills* v. *La Tour*, 136 Mich. 243; *Moran* v. *Moran*, 143 Mich. 322; *Killefer* v. *Bassett*, 146 Mich. 1; *Turnbull* v. *Johnson*, 153 Mich. 228. It is elementary that a probate court may construe wills for certain purposes and that it must do so for the purpose of distribution. *Parkinson* v. *Parkinson*, 139 Mich. 530.

We are of opinion that the order of distribution made by the probate court of Hillsdale county, bearing date July 24, 1895, by the terms of which the residue of the estate of Elmer Stafford was assigned to Howard Stafford and which required a construction of the will of Elmer Stafford, was proper and that the construction of the disputed sections of the will which was the basis of the order, is the only construction possible. Our determination upon this point renders consideration of the second question unnecessary, for, if the construction of the will by the probate court was correct, the allegation in the bill of complaint that such construction was brought about through fraudulent representations made by Howard Stafford is wholly unimportant. It is further unnecessary in this case to determine the claim made on behalf of the defendants that the orders of the probate court are as to plaintiffs *res adjudicata*, though upon this point see *Calhoun* v. *Cracknell*, 202 Mich. 430.

The decree dismissing the bill is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.