HAWLEY v. GRAND RAPIDS TRUST CO.

WILLS—CONSTRUCTION—ABSOLUTE TITLE OF LEGATEE.

Provision of will giving testator's daughter all his property both real and personal is construed as having vested her with estate absolutely although subsequent clause requested her to retain it and if she left no lineal descendants to leave it to his heirs.

Appeal from Kent; Verdier (Leonard D.), J. Submitted April 5, 1934. (Docket No. 40, Calendar No. 37,569.) Decided June 4, 1934.

Bill by Albert C. Hawley and others against Grand Rapids Trust Company, administrator of the estate of Frances B. Eby, deceased, and Grand Rapids Association for the Blind and Sight Conservation to construe a will. Decree for defendants. Plaintiffs appeal. Affirmed.

Dunham & Sherk (Lloyd H. Cully, of counsel), for plaintiffs.

*Butterfield, Keeney & Amberg* and *Linsey, Shivel & Phelps,* for defendants.

POTTER, J.  Bill to construe the last will and testament of Andrew Borden, deceased.  The case was heard on bill and answer.  The important question is the construction of the second paragraph of the will of testator, which, so far as concerns this case, is as follows:

"Second, I give, devise, and bequeath unto my daughter, Frances Eby, all my property, both real and personal, wheresoever the same may be situated at the time of my decease.

"Nothing is herein given to same Frances Eby's husband, and she is hereby requested by me to retain all the property that I may leave her in her own name and possession as long as she shall live.  I further desire that she shall, by will or otherwise, provide that in the event of her decease without any lineal descendants, such property as she may receive from my estate shall go to such persons as would take from me had I lived until that time and died intestate."

The will was executed July 23, 1889.  Testator died October 29, 1892.  His estate was probated and the property involved in the second paragraph of his will assigned by the probate court to Frances Eby.  Frances Eby died June 26, 1931, leaving a will dated October 15, 1925.  Her estate, as inventoried, was $124,635.42.  The contest arises between the heirs of Frances Eby and the Grand Rapids Association for the Blind and Sight Conservation to which she devised and bequeathed her estate except small devises and bequests.  The case has been exhaustively briefed.

"If the fee simple of land be devised to one, the remainder cannot be devised to another, albeit the first devise be but conditional. And therefore if land be devised to I. S. and his heirs, and if he die without heirs, that it shall remain to I. N. and his heirs; this is a void remainder to I. N. (The rule is, no estate may be devised to take effect in remainder after an estate in fee simple; but a devise to vest, in derogation of an estate in fee previously devised, may, under proper limits, be good by way of executory devise.)" 2 Sheppard's Touchstone (7th Ed.), 417.

"I hold it to be a rule that admits of no exception in the construction of written instruments, that where one interest is given, where one estate is conveyed,—where one benefit is bestowed in one part of an instrument by terms clear, unambiguous, liable to no doubt, clouded by no obscurity, by terms upon which, if they stood alone, no man breathing, be he lawyer or be he layman could entertain a doubt,—in order to reverse that opinion, to which the terms would of themselves and standing alone have led, it is not sufficient that you should raise a mist; it is not sufficient that you should create a doubt; * * * it is not even sufficient that you should deal in probabilities, but you must show something in another part of that instrument, which is as decisive the one way as the other terms were decisive the other way; and that the interest first given cannot be taken away either by *tacitum* or by *dubium,* or by *posibile,* or even by *probabile,* but that it must be taken away, and can only be taken away, by *expressum et certum.*" Lord Chancellor Brougham, *Thornhill* v. *Hall,* 2 Cl. & F. 22: 8 Bligh N. S. 88 (5 Eng. Repr. 879).

There are cases (1) where a life estate is devised and bequeathed, in real and personal property, with remainder over to another; (2) where a devise and bequest of real and personal property is made in

trust for purposes designated by the testator; (3) where there is a devise of the fee of real estate and a bequest of personal property, burdened with charges made against it by the testator; (4) where there is a devise or bequest for life only coupled with a power of disposition, with remainder over to another; but, such cases are not important in the construction of the will in question. Here the testator gave, devised and bequeathed all his property, both real and personal, to his daughter Frances Eby. He then requested her to keep the property given her, and he expressed a desire that at her death she by will or otherwise dispose of the property as he wished. Testator made no attempt to direct by his will the manner in which the property should go. He did express a desire Frances Eby dispose of the property at her death in a certain way, but how she was to dispose of it, at her death, whether by will or otherwise, was left to her. He recognized it was her will that would control its disposition after her death and not his will.

While words expressing a wish, desire or request under some circumstances may be sufficient to constitute a devise or bequest (*Kinney* v. *Kinney,* 34 Mich. 250; *Stebbins* v. *Stebbins,* 86 Mich. 474; *Bush* v. *Delano,* 113 Mich. 321; *Oyster* v. *Knull,* 137 Pa. 448 [20 Atl. 624, 21 Am. St. Rep. 890] ; *Phillips* v. *Phillips,* 112 N. Y. 197 [19 N. E. 411, 8 Am. St. Rep. 737] ; *Barney* v. *Hayes,* 11 Mont. 571 [29 Pac. 282, 28 Am. St. Rep. 495] ; *Gaston's Estate, Weller's Appeal,* 188 Pa. 374 [41 Atl. 529, 68 Am. St. Rep. 874] ), such language is not important here. *Schram* v. *Rogers,* 168 Mich. 340; *Colton* v. *Colton,* 127 U. S. 300 (8 Sup. Ct. 1164). *Mee* v. *Gordon,* 187 N. Y. 400 (80 N. E. 353, 116 Am. St. Rep. 613, 10 Ann. Cas. 172) ; *Killefer* v. *Bassett,* 146 Mich. 1.

In cases involving wills like that here, the rule is that the person to whom the title is devised or bequeathed takes the same absolutely. *Moran* v. *Moran,* 143 Mich. 322 (5 L. R. A. [N. S.] 323, 114 Am. St. Rep. 648); *Killefer* v. *Bassett, supra; Schram* v. *Rogers, supra; Hollway* v. *Atherton,* 205 Mich. 129; *Gibson* v. *Gibson,* 213 Mich. 31.

The most that may be said of the language of the will is that the testator expressed a desire that Frances Eby would, by will or otherwise, provide for a disposition of the property received by her from her father's estate by will which she had left at her death so that it would go to his heirs, but there is nothing in the language of the will which cuts down the absolute ownership given by the previous clause of the will. She might or might not dispose of the property as he desired in her discretion, and though she disposed of it as desired by the testator, the manner in which she disposed of it was left to her discretion. To enforce the trust prayed for would be for the court to supersede or control the discretion vested by the testator in Frances Eby as to the disposition of the property which was devised and bequeathed to her absolutely. This the court ought not to do.

We find no error in the decree of the trial court which is affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.