WITHEY v. FIRST STATE & SAVINGS BANK OF HOLLY,
MICHIGAN.

1. WILLS—CONSTRUCTION—DEVISES—FEE SIMPLE.

    Devise of all of testator's real estate to his wife "to have,
hold, use and dispose of as she may deem best" devised all of
devisor's estate therein which he could lawfully devise, hence,
devised to her an estate in fee simple (3 Comp. Laws 1929,
§ 13479).

2. ESTATES—FEE SIMPLE—REMAINDERS.

    Where fee simple to real estate is devised to one devisee a re-
mainder cannot be devised to another (3 Comp. Laws 1929,
§ 13479).

3. WILLS—TESTATOR'S REQUEST THAT BENEFICIARY CREATE LEGACY
FOR ANOTHER.

    Devise of all of testator's real and personal estate to his wife
and expression of request that she create a legacy of $600 to
plaintiff, a granddaughter, *held*, not to create a lien in favor
of plaintiff upon testator's estate prior to mortgages upon
it executed by widow after his death (3 Comp. Laws 1929,
§ 13479).

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted April 2, 1935. (Docket No. 30, Calendar No.
38,307.) Decided May 17, 1935.

Bill by Frances VanDeusen Withey against First
State & Savings Bank of Holly, Michigan, and
others to impress a lien in favor of plaintiff on cer-
tain property for the payment of a legacy. Decree
for plaintiff. Defendant bank and its conservator
appeal. Reversed and decree entered for defend-
ants.

*Patterson & Patterson,* for plaintiff.

*Clement E. Miner,* for defendant bank and its conservator.

Potter, C. J.   In effect, this is a bill filed to construe the last will and testament of Thomas H. Horton, deceased, admitted to probate October 27, 1924.

Testator, in his lifetime, was the owner of real estate in the county of Oakland, mentioned and described in the bill of complaint.   January 10, 1913, he made and executed his last will and testament, the material parts of which are:

"Second.   I give, devise and bequeath to my beloved wife, Mariah V. Horton, all of my estate, real estate, personal and mixed estate of every name, kind and nature wherever located, she, my said wife, to have, hold, use and dispose of as she may deem best.

"3d.   I have heretofore given to my son, Elston J. Horton, the sum of six hundred dollars, and I request my wife to give (from the estate herein devised and bequeathed to her) the sum of six hundred dollars to my granddaughter Frances May Van-Deusen, when she, my said granddaughter, Frances May VanDeusen, shall arrive at the age of 21 years, if she, my said granddaughter, survives my said wife, Mariah V. Horton."

After testator's death, and on June 6, 1925, his widow, Mariah V. Horton, executed a real estate mortgage to the First State & Savings Bank, of Holly, Michigan, for $1,450, covering the real estate involved herein; and March 1, 1929, she executed a second real estate mortgage to the same bank, on the same land, for $1,120.   Mariah V. Horton died intestate January 23, 1930.

Frances VanDeusen Withey, plaintiff, who is the same person mentioned in the third paragraph of the will of testator as Frances May VanDeusen, claims she is entitled to a lien for a legacy of $600 upon the real estate in question prior to the lien of the two real estate mortgages above mentioned executed by Mariah V. Horton thereon; and she asks that such real estate mortgages be declared void; and the court impress a first lien prior to the mortgages, and prior to any claims which may have arisen since the death of Thomas H. Horton, upon the real estate in question, and authorize the foreclosure of such lien when so established and declared, and sale of the real estate in question to satisfy such lien.

There was decree in the trial court for plaintiff. Defendants appeal.

The applicable rules of law have been frequently declared by this court. The second paragraph of the will of testator devises the real estate in question to his wife, to have, hold, use and dispose of as she may deem best. Such paragraph devises all of the estate of the devisor therein which he could lawfully devise, 3 Comp. Laws 1929, § 13479; and must be held to have devised to her the estate in fee simple. And if the fee simple estate in the land was devised to the wife, Mariah V. Horton, a remainder cannot be devised to another. 2 Sheppard's Touchstone, p. 417. The devisor gave all his real estate to his wife. He requested his wife to devise and bequeath to plaintiff $600. He asked that she give at her death $600 to plaintiff by will. But the provisions of the will of Thomas H. Horton, when construed together, evidence a clear intention on his part to devise an unlimited fee title to his wife to

the real estate in question, to have, hold, use and dispose of in the exercise of her own judgment and discretion. He recognized in his will he had devised the fee of the real estate to his wife by the second paragraph of his will. He did not attempt to create a legacy in the sum of $600 to plaintiff. He only requested his wife, to whom he had willed the property in question, by her will to create such legacy in favor of plaintiff. He recognized it was her will, and not his will, that would control the disposition of the real estate at his wife's death. The widow took title to such real estate absolutely; and plaintiff is not entitled to a lien thereon prior to the mortgages in question, or otherwise. *Moran* v. *Moran,* 143 Mich. 322 (5 L. R. A. [N. S.] 323, 114 Am. St. Rep. 648) ; *Killefer* v. *Bassett,* 146 Mich. 1; *Schram* v. *Rogers,* 168 Mich. 340; *In re Davis' Estate,* 205 Mich. 129; *Gibson* v. *Gibson,* 213 Mich. 31; *Hawley* v. *Grand Rapids Trust Co.,* 267 Mich. 232.

To create and enforce the lien prayed for would be to supersede or control the discretion vested by the devisor in his wife as to the disposition of the property which was devised to her. This the court may not and ought not to do.

The decree of the trial court is reversed, with costs, and a decree for defendants may be entered herein.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.