GROVER *v.* WOOD.

1. WILLS—RESIDUE—PRECATORY PROVISION.
   Bequest of one third of the residue to husband of testatrix
   "subject to the request hereinafter stated" did not, because
   of such language, give a less or different estate than to her
   niece and nephew, devisees of the other thirds of the residue,
   which were not subjected to a similar request.

2. SAME—RESIDUE—PRECATORY PROVISION.
   The "request" of testatrix that husband, as 1 of 3 residuary
   legatees, make certain disposition of his share at his death
   but giving him authority to use both income and corpus as he
   might find convenient and desirable without being required
   to account therefor, did not convey a command that he make
   such disposition.

3. SAME—BEQUEST "SUBJECT" TO "REQUEST."
   Bequest of a portion of the residue of testatrix's estate to her
   husband *"subject"* to the "request" that he make certain dis-
   position did not alter the precatory nature of the "request."

4. SAME—RESIDUE—ABSENCE OF REMAINDER.
   Bequest by testatrix of portion of residue to her husband,
   without giving a remainder over to her nephew and niece who
   were bequeathed the remainder of the residue, *held,* to have
   constituted a bequest to the husband of his share absolutely.

5. SAME—RESIDUE—REMAINDERMEN—LIFE ESTATE—USE OF CORPUS.
   Husband of testatrix *held,* to have received absolute title to his
   third of residue, rather than a life estate therein, where there
   were no remaindermen as to such share, no mention of a life
   estate and power to use corpus as well as income without ac-
   counting therefor.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 57 Am Jur, Wills § 1180.
[4, 5] 33 Am Jur, Life Estates, Remainders, and Reversions § 16.
[6] 57 Am Jur, Wills § 1133.
[7] Generally as to persons entitled to file brief, see 3 Am Jur,
    Appeal and Error § 766.

6. SAME—INTENT.
    The basic rule in construing a will is to ascertain what was
    the intent of the testator.

7. TRIAL—PARTIES—WILLS—EXECUTORS' BRIEF.
    A motion to strike an executors' brief from the files is denied,
    where they were made parties by plaintiff in her suit to con-
    strue provisions in the will.

Appeal from Wayne; Maher (Thomas F.), J. Sub-
mitted April 8, 1953. (Docket No. 24, Calendar No.
45,721.) Decided October 5, 1953.

Petition by Ruth D. Grover, heir and devisee of
Grace G. Wood, deceased, against Arthur E. Wood,
as heir, devisee and the executor, and another for
construction of will of Grace G. Wood, deceased. On
trial in circuit court construction was that residuary
clause gave defendant life estate. Defendant ap-
peals. Reversed and remanded for entry of proper
order.

*E. N. Karay* and *Stanley E. Beattie,* for plaintiff.

*Harold M. Shapero,* for defendant.

*Edward B. Benscoe,* for estate.

DETHMERS, C. J. Plaintiff petitioned for construc-
tion of a will and particularly its eighth paragraph,
which reads as follows:

"Eighth: All the rest, residue and remainder of
my estate of every nature and description and where-
ever located; after the above request, bequests and
provisions have been complied with, I will, devise
and bequeath, as follows:
"A—I give, devise and bequeath to my nephew,
Wesley F. Grover, the son of my deceased brother,
William M. Grover, one-third of all such rest, residue
and remainder of my estate, and in the event of the

death of said Wesley F. Grover, before my demise, then it is my will and I do then give, devise and bequeath such one-third of said rest and residue and remainder of my estate to the heirs of my said nephew, Wesley F. Grover or such of his children as may then be living.

"B—I give, devise and bequeath, to my niece, Ruth D. Grover, the daughter of my deceased brother, Clarence Grover, one-third of such rest, residue and remainder of my estate; Provided, that if my said niece, Ruth D. Grover, shall die before my demise, then and in that event I give, devise and bequeath such one-third of the rest, residue and remainder of my estate to my nephew, Wesley F. Grover, and in the event of his death then to his heirs in like manner as provided in clause 'B'. ['A'?] above.

"C—I give, devise and bequeath to my dear husband, Arthur E. Wood, one-third of such rest, residue and remainder of my estate, being all the rest, residue and remainder of my estate, and all and every other property, thing or asset of every kind and nature that may not be otherwise disposed by this will, I give, devise and bequeath to my said husband, Arthur E. Wood, to have and to hold subject to the request hereinafter stated.

"It, however, is my wish and desire and I charge my said husband, Arthur E. Wood, to make disposition of the corpus of such part and portion of my estate as he shall receive and take and obtain from my estate under the terms of this will, so that it will not pass to his heirs upon his death, but shall revert, after his death, to my heirs and be distributed to the legatees named in paragraphs A. and B. of this clause 'Eighth' in equal portions and parts; subject, however, that my husband shall be at full liberty to use, have and keep all the income from the provision herein made for him and so much of the principal and corpus as he may find convenient and desirable for his comfort, advantage and enjoyment, and that he may sell, encumber or otherwise appropriate same so as to secure for himself all the benefit and enjoy-

ment that he desire, and my said husband shall not be required to account for any of the income and proceeds of any of the estate that he may receive under the terms of this will, and I do hereby leave to my said husband and to the executors under his will, the full and conclusive discretion in determining and setting aside of the principal and corpus of my estate to be set aside and separated from his estate for the purpose of complying with this request, wish and desire."

Does the husband take the fee or a life estate in one-third of the residue under subparagraph "C"? From an order holding the latter, he appeals.

Plaintiff contends (1) that the contrast between language employed in subparagraphs "A" and "B", giving an absolute fee in two-thirds of the residue, and the language in subparagraph "C" evidences an intent, as relates to the remaining one-third devised in the latter, to give something less than a fee; (2) that precatory words such as "request", used in subparagraph "C", sometimes carry a command, citing *Gilchrist* v. *Corliss,* 155 Mich 126; (3) that the words "subject to" in subparagraph "C" impose a limitation on the devised estate (citing *Jones* v. *Deming,* 91 Mich 481) and the words "I charge my husband" are words of command, which create an obligation upon the husband to comply with the request; and (4) that the answer to the problem presented is to be gathered, not primarily from precedents, but from the 4 corners of the will, by discovering therefrom and giving effect to the intent of the testatrix. These contentions we consider seriatim.

1. The contrast between language in subparagraphs "A" and "B" and that in subparagraph "C" does not necessarily disclose an intent in "C" to give the husband less than the fee, as given the devisees in "A" and "B"; rather, it indicates that testatrix

wished to give expression to a hope or request in relation to the devisee's disposition of property in "C", not desired as relates to that in "A" and "B".

2. The fact that the word "request" may, under certain circumstances, be held to convey a command is not conclusive of its meaning here. Where so held in *Gilchrist* v. *Corliss, supra,* testator's intent to that effect was evident from (a) the will's provision that testator's wife should, by her will, make the requested disposition of the devised estate *at testator's death,* revealing, as this Court said, an intent that it should *then* be devoted to the requested purpose, with the further provision, however, that it should be payable thereto at devisee's death; (b) language in the will that limited devisee therein to "have and use all the income from that portion of my estate willed to her as long as she lives" with no rights as to the corpus; and (c) the further fact, stressed in this Court's opinion, that the will gave the devisee "no authority * * * in terms to dispose of the estate absolutely." Terms of the will at bar are clearly distinguishable in the respects noted.

3. From the holding in *Jones* v. *Deming, supra,* that the words "subject to the condition that she is to receive the rents, profits and benefits during her natural lifetime" expressly limited the devised interest to a life estate, it does not follow that the words "subject to the request hereinafter stated" should be held to have the same effect. The difference between "subject to the condition" and "subject to the request" is obvious. Shall the word "subject" be held to enhance the meaning of the word "request" to make it more than precatory, or shall we view the word "request" as limiting the limitation inherent in the word "subject" to nothing more than a precatory expression, as a plain reading thereof suggests? We think the latter. Do the words "I charge my husband" create an obligation on the

husband or a limitation on the devise? He is charged to make certain disposition of the devised property so that, at. his death, it will not pass to his heirs, but to those of testatrix. This is not a case like *Bateman* v. *Case,* 170 Mich 617, relied on by plaintiff and the court below, in which the husband, after devising to his wife, provided in his will that such portion of the devise as might remain at her death "I give, devise and bequeath * * * unto my sons," impelling this Court to the conclusion that, because there was an express devise of a remainder, the wife received only a life estate. Rather, this case is like *Withey* v. *First State & Savings Bank of Holly, Mich.,* 271 Mich 549, in the respect that, as said in that case concerning the testator:

"He recognized it was her will, and not his will, that would control the disposition of the real estate at his wife's death. The widow took title to such real estate absolutely."

Here the testatrix did not give and devise a remainder to her nephew and niece, as in *Bateman,* but, as in *Withey,* devised the fee to her husband, leaving it to his will, not hers, to give effect to her request.

4. What is to be gathered from the 4 corners of the will concerning testatrix's intent? (a) It is significant that there is no express mention of a life estate in subparagraph "C". Had testatrix intended to create one, it would have been a simple matter to say so in the plain and unmistakable language customarily employed for that purpose. (b) The devise is to the husband "to have and to hold subject to the *request*" with no other words of limitation thereon. There is no express devise of a remainder over to another as in the *Bateman Case.* The husband is permitted to use and appropriate the corpus and the disposition of what remains at his death is left to his

will to accomplish. (c) The word "request" evidences an intent to leave full power of disposition to the husband in the hope that he will exercise it in the manner suggested by her. As employed in the will, the word "charge" does not materially affect or change the nature of the provision as a mere request. It is but a part of what is referred to in the previous sentence as "the *request* hereinafter stated". (d) While we held that the devisee in *Bateman* was vested only with a life estate, despite the power in her to dispose of the corpus, the existence of that power in this case, together with the express provisions that the husband need not account for the proceeds, that he may appropriate the corpus to himself, and that he and his executor shall have conclusive discretion to determine what part of his estate shall be considered as subject to the request, these, coupled with the fact that there is not a devise to remaindermen, but merely a request that the husband make certain disposition by his will, combine to distinguish this case from *Bateman* and to disclose an intent entirely inconsistent with the idea of a mere life tenancy in the husband.

Although the parties stress the necessity of discovering the intent of the testatrix as disclosed in the will, each cites cases calculated to support his position. Plaintiff stresses the *Gilchrist* and *Bateman Cases,* already considered and distinguished. Defendants urge as analogous the following: *Hawley* v. *Grand Rapids Trust Co.,* 267 Mich 232; *Hollway* v. *Atherton,* 205 Mich 129; *Withey* v. *First State & Savings Bank of Holly, Mich., supra; In re Stuart's Estate,* 274 Mich 282; and *Crisp* v. *Anderson,* 204 Mich 35, which hold that a devise followed by a request that the devisee make certain disposition of the devised property operates to create in the devisee an unconditional fee simple title. Plaintiff, however, points out that in each of these cases there was an

outright devise followed by a request, whereas here the devise was made *"subject"* to a request and followed by use of the word "charge". The effect of those 2 words has been noted above. Naturally, the cases of this character present a variety of phraseology. In the final analysis it is the intent of the testatrix which must be determined. However, the *Crisp Case* would seem the most nearly analogous of any cited by parties. There testator, by his will, (1) made a bequest of $5 to his daughter-in-law, with the provision that said sum was all that he wanted her or her blood relatives ever to have of his property; (2) devised and bequeathed the residue of his estate to his son, with the provision that he should use it according to his own judgment, but with the further provision that, "I want my said son, Howard, to make such disposition of the property I hereby will to him that it shall be kept in the line of the Stafford blood." It was held that the devise gave an estate to the son in fee and that the provisions expressing a desire to limit the benefits to be enjoyed by the daughter-in-law to $5 and to continue the estate in the Stafford line were merely precatory. The language at bar, creating a devise subject to a request, should scarcely be considered more effective to limit the husband's estate than the mentioned words employed by the testator in *Crisp*. In that case the devisee is permitted to use the corpus "according to his own judgment" while here he is allowed "to use, have and keep * * * so much of the principal and corpus as he may find convenient and desirable for his comfort, advantage and enjoyment" and "to sell, encumber or otherwise appropriate same so as to secure for himself all the benefit and enjoyment that he desire" and "full and conclusive discretion in determining and setting aside of the principal and corpus from his estate for the purpose of complying with this request" and he "shall

not be required to account for any of the income and proceeds". Any distinction between the intents of the testators in the 2 cases is scarcely discernible. In both the devisee may do as he will with the corpus and in both the devisor contemplated that at the devisee's death a portion would remain, with respect to the disposition of which the testator made his wishes known. We think that, as in *Crisp,* it must be held that testatrix intended to create in her husband an estate in fee.

Reversed and remanded for entry of proper order in accord herewith. Motion to strike the executors' brief from the file and to deny them costs is denied inasmuch as they were made parties to the cause by plaintiff. Costs to defendants.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.